Filed 2/2/16  Barton Properties v. City of Holtville CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BARTON PROPERTIES, INC., | D067540 |
| Plaintiff, Cross-Defendant and Respondent, | |
| v. | (Super. Ct. No. ECU04728) |
| CITY OF HOLTVILLE , | |
| Defendant, Cross-Complainant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Walker & Driskill, Steven M. Walker, Mitchell A. Driskill and Martin A. Gonzalez for Defendant, Cross-complainant and Appellant.

Larry M. Hoffman for Plaintiff, Cross-defendant and Respondent.

Defendant, cross-complainant and appellant City of Holtville (the City) appeals an order awarding statutory attorney fees under Civil Code section 798.85,[1] the Mobilehome Residency Law's (MRL) fee section, to cross-defendant and respondent Barton Properties, Inc. (Barton).  Finding no error or abuse of discretion in the order, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a 2008 complaint filed by plaintiffs Willow Bend, LLC (Willow Bend) and Steve Selinger (Selinger) that challenged the City's new zoning ordinance.  The 2008 complaint led to the filing of the City's cross-complaint on several theories, adding Barton as a party (cross-defendant) along with Willow Bend and Selinger (sometimes together the Cross-Defendants).  Barton's presence in this litigation is only by way of its participation in the defense of the cross-complaint.  Selinger is the managing member of Willow Bend and the president of Barton.  Barton and Willow Bend jointly owned and operated the Browning Trailer Park, a mobilehome park in Holtville, California.   The Cross-Defendants were jointly represented by counsel.

After several demurrers and amendments to its cross-complaint, the City dismissed its causes of action for nuisance and negligence per se as to all Cross-

---

[1]     Civil Code section 798.85 provides:  "In any action arising out of the provisions of the [Mobilehome Residency Law] the prevailing party shall be entitled to reasonable attorney fees and costs.  A party shall be deemed a prevailing party for the purposes of this section if the judgment is rendered in his or her favor or where the litigation is dismissed in his or her favor prior to or during the trial, unless the parties otherwise agree in the settlement or compromise."  All statutory citations are to the Civil Code unless noted.

Defendants. In the operative second amended cross-complaint (the cross-complaint), the City continued to pursue other claims for declaratory and injunctive relief. The Cross-Defendants moved for attorney fees under section 798.85, the MRL's attorney fee section, arguing that they were the prevailing parties regarding the two causes of action the City had dismissed. The trial court denied the Cross-Defendants' motion and they appealed.

We addressed Barton's entitlement to attorney fees under the MRL in a prior opinion, which affirmed all aspects of the trial court's denial of fees to Selinger and Willow Bend. (*Willow Bend, LLC v. City of Holtville* (Aug. 21, 2014, D062980) [nonpub. opn.]; (our prior opinion).) However, we reversed the order with regard to Barton's entitlement to statutory fees under the MRL. We instructed the trial court to determine: (1) if Barton's attorney fees could be allocated between compensable and noncompensable causes of action, (2) if the fees were allocable among the Cross-Defendants, and (3) the amount of attorney fees Barton could recover for the appeal. We also gave Barton the opportunity, on remand, to ask the trial court for attorney fees with respect to this first appeal.

On remand, Barton did not file a renewed motion for attorney fees until December 15, 2014. That same day, the trial court issued an order, relying on Barton's previous motion papers and without holding a hearing, determining that it was impossible to allocate the attorney fees among the causes of action in the cross-complaint because any work spent defending one cause of action was substantially necessary for defense of the other. Additionally, the trial court found it infeasible to allocate fees among the

3

jointly represented Cross-Defendants because the cross-complaint named the Cross-Defendants jointly, and posited that their liability was identical.

The trial court also found that Barton's request for fees related to the appeal was untimely because the deadline to ask for these fees was December 1, 2014. The trial court thus awarded Barton $244,136.25 in fees, for 1,085 hours, at $225 per hour, for time spent defending the cross-complaint. The City appeals.

## DISCUSSION

The City first contends the trial court erred by failing to hold a postremand hearing to determine the amount and allocation of Barton's attorney fees. Barton responds that the trial court had discretion to hold a postremand hearing, which it properly chose not to exercise.

The City also argues the trial court erred by awarding Barton attorney fees for some services the Cross-Defendants incurred in defending the cross-complaint, because a supporting declaration only mentions two out of the three Cross-Defendants. Barton responds that those services were rendered on behalf of the Cross-Defendants as a unit, and substantial evidence supports the trial court's decision to award Barton fees for these services.

## I

### *STANDARD OF REVIEW*

On reversal, the appellate courts may modify or direct the proper judgment or order to be entered, if no new trial is required. (Code Civ. Proc., § 43.) "When an appellate court's reversal is accompanied by directions requiring specific proceedings on

4

remand, those directions are binding on the trial court and must be followed. Any material variance from the directions is unauthorized and void." (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982; italics omitted.) The appellate court's language that remands a matter for further proceedings, consistent with the decision, must be read in conjunction with the appellate opinion as a whole in order to determine the effect of the opinion on remand. (*Eldridge v. Burns* (1982) 136 Cal.App.3d 907, 917-918.)

On remand, the trial court exercises its sound discretion in interpreting and implementing the appellate opinion. (*Fendrich v. Van de Kamp* (1988) 205 Cal.App.3d 537, 542 (*Fendrich*).)

Because our prior opinion required the trial court to determine the allocation issues in accordance with the opinion and to determine an amount of attorney fees, we will consider whether the trial court abused its discretion in carrying out our directions.

II

*EXERCISE OF DISCRETION IN CONDUCTING FURTHER PROCEEDINGS*

The parties dispute whether our directions on remand required the trial court to hold a hearing to determine the amount and allocation of attorney fees to Barton. The City contends that our prior opinion, read as a whole, compels the interpretation that a hearing was required. Barton argues that although the trial court had the discretion to hold such a hearing, it was not required to do so. As will be explained, we agree with Barton.

5

A.  Proceedings Below

The attorney fees issues discussed in our prior opinion included the question of whether Barton, as opposed to the other two cross-defendants, was entitled to receive attorney fees under the MRL.  We held that Barton was entitled to attorney fees, but that the Cross-Defendants' motion did not provide an allocation of fees among the Cross-Defendants.  We directed the trial court to determine whether and how the fees were allocable among the compensable and noncompensable causes of action, and whether and how the fees were allocable among the Cross-Defendants.

On remand, the trial court found that the fees could not be allocated among the Cross-Defendants or the causes of action, and awarded Barton attorney fees for defending the cross-complaint.  That same day, Barton had filed a renewed motion for attorney fees, seeking both fees for defending the cross-complaint and fees with respect to the previous appeal.  The court found that Barton's request for fees regarding the previous appeal was untimely, and Barton does not dispute this finding.[2]  We now generally consider whether the trial court properly exercised its discretion in ruling, without a hearing, that fees were awardable but could not be allocated.  In part III, we will discuss the City's separate challenge to certain fees the Cross-Defendants incurred in 2009.

B.  Analysis

"When an appellate court directs the trial court to modify the judgment in accordance with the opinion, it vests the trial court with the sound discretion to interpret

---

[2]    Because Barton does not dispute this adverse finding, we need not address the timeliness issue.

and implement the opinion." (*Fendrich*, *supra*, 205 Cal.App.3d at p. 542.)  In exercising this discretion, the trial court must read and consider the reviewing court's instructions in light of the opinion as a whole.  (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859; *Eldridge v. Burns, supra,* 136 Cal.App.3d 917-918.)  An abuse of discretion occurs when, in light of all of the relevant circumstances, the court exceeds the bounds of reason.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)  " 'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown . . . a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' "  (*Ibid.*)

The City has not met its burden to show that it was inappropriate for the court to determine the allocation issues without a hearing.  The record before the trial judge on remand was sufficient to support a discretionary determination that it was impossible to allocate fees among the causes of actions or Cross-Defendants.  Each supporting attorney declaration attached to the motion was already in the record, and stated that the attorneys were each seeking fees for defending the nuisance and negligence per se claims against the Cross-Defendants.  The declarations included time sheets that showed the work performed by each attorney.  The trial court reasoned that any work expended in defense of one cross-defendant would be substantially necessary for the defense of the others, and that the exposure to liability among the cross-defendants was identical.

In light of our prior opinion, these were reasonable determinations because allocation among jointly represented parties or causes of action may not be required when the parties' liability is " ' "so factually interrelated that it would have been impossible to

7

separate the activities . . . into compensable and noncompensable time units." ' " (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 830.)  The attorneys' declarations, the time sheets, and the trial court's familiarity with the case provided a sufficient basis for the trial court to determine the allocation issues, without a hearing.  Additionally, Barton's renewed fee motion was not essential to resolving the allocation issues because the only new issue it presented was the request for fees with respect to the first appeal, which the court found untimely.

III

*SUPPORT IN THE RECORD FOR AWARD OF CERTAIN 2009 FEES TO BARTON*

The City further contends that Barton was improperly awarded fees for legal services that attorney Gina Austin provided in 2009 to Barton's associates, Willow Bend and Selinger.  Barton responds that the trial court impliedly found that Ms. Austin was Barton's attorney by awarding Barton fees for her services in defending the cross-complaint, as to all Cross-Defendants.  Barton asserts that the City is disputing the sufficiency of the evidence to support this implied finding, and that the trial court's decision was supported by substantial evidence.  We agree with Barton.

A.  Proceedings Below

The standard of review on issues of excessive attorney fees is abuse of discretion, and the trial court's decision will only be disturbed when there is no substantial evidence to support its findings.  (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1017.)  " 'If the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are

8

based on substantial evidence.' " (*Frei v. Davey* (2004) 124 Cal.App.4th 1506, 1512.) A finding that Ms. Austin acted as an attorney for Barton, as one of the cross-defendants, was necessary to support the trial court's decision to award fees to Barton. Because the court did not expressly make this finding, we will infer that the trial court made this finding and will determine if it was supported by substantial evidence.

The City points to the second paragraph in Ms. Austin's declaration attached to the fees motion, as proof that she provided legal services only to Selinger and Willow Bend and not to Barton. There, Ms. Austin states, "I was retained by Steve Selinger and Willow Bend, LLC on May 29, 2009. I provided legal services to Steve Selinger and Willow Bend, LLC between the dates of May 29, 2009 through December 18, 2009 at which time I substituted out of the litigation." However, in the preceding paragraph, Ms. Austin states, "I was the attorney of record for Willow Bend, LLC, Steve Selinger, and Barton Properties in Willow Bend, LLC and Steve Selinger v. City of Holtville." The demurrer papers, as provided in the respondent's appendix, confirm that Austin represented all the Cross-Defendants collectively.

### B. Analysis

" 'Our search for substantial evidence in support of the judgment "does not mean we must blindly seize any evidence in support of the respondent in order to affirm the judgment." ' " (*Frei v. Davey, supra,* 124 Cal.App.4th at p. 1512.) In this context, "substantial evidence" is evidence that carries ponderable legal significance. (*Ibid.*) The word "substantial" cannot be deemed synonymous with "any" evidence. (*Ibid.*) Rather, the evidence must be " 'reasonable, . . . credible, and of solid value." (*Ibid.*) "The

9

ultimate determination is whether a *reasonable* trier of fact could have found for the respondent based on the *whole* record."  (*Ibid.*; italics omitted.)

The trial court's implied finding that Ms. Austin acted as an attorney for Barton is supported by substantial evidence.  The first paragraph of Ms. Austin's declaration attached to the original fees motion clearly shows that she represented all three Cross-Defendants in this case.  Ms. Austin's statement in the second paragraph of her declaration merely establishes that she was *retained* by Selinger and Willow Bend on May 29, 2009, and thereafter provided legal services for them.  Because Barton was sued and defended solely in its capacity as a cross-defendant, beginning with the City's cross-complaint filed on June 19, 2009, Ms. Austin could only provide services to Barton after that date.  Her time sheet attached to her declaration begins on July 21, 2009, and shows that she was involved with defending Barton against the cross-complaint, and the demurrer papers likewise confirm this representation.  Accordingly, the trial court's determinations that Ms. Austin acted as an attorney on issues concerning Barton, and that Barton was entitled to fees for her legal services, were supported by substantial evidence.

C.  Barton's Request for Attorney Fees with Respect to this Appeal

Barton seeks attorney fees in the event that the trial court's fee order is affirmed. We express no opinion on entitlement to any award of attorney fees for this appeal, and any such request may be addressed to the trial court on remand.

10

DISPOSITION

The order is affirmed.  The ordinary costs of appeal are awarded to Barton as the prevailing party.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


McINTYRE, J.

11