[Civ. No. 57430. Second Dist., Div. One. Apr. 22, 1980.]

ARTHUR M. FRANKEL, Plaintiff and Appellant, v.
FOUR STAR INTERNATIONAL, INC., et al.,
Defendants and Appellants.

COUNSEL

Hillel Chodos for Plaintiff and Appellant.

Burton Merrill, McCutchen, Black, Verleger & Shea and John M. Rochefort for Defendants and Appellants.

OPINION

**JEFFERSON (Bernard), P. J.**—Plaintiff Arthur M. Frankel sought damages for breach of an employment contract by his former employers, defendants Four Star International, Inc. and David B. Charney. The trial court, sitting without a jury, found defendants liable for

breach of contract, and awarded plaintiff Frankel $75,000 in compensatory damages and $10,000 for the intentional infliction of emotional distress. Both plaintiff and defendants appealed from this judgment.

In an unpublished opinion filed on August 31, 1978 (2 Civ. No. 51824, hereinafter referred to as *Frankel* I), this court affirmed the trial court's judgment "insofar as it determines that Four Star is liable to Mr. Frankel for breach of contract." However, responding to defendants' claim that the trial court had erred in refusing to make specific findings of fact concerning damages, this court directed that "[t]he case is remanded to the trial court for clarification of the findings of fact supporting the amount of the damages." The judgment awarding plaintiff Frankel damages for emotional distress was reversed on the ground that the evidence adduced below was insufficient to support the judgment.[1]

Upon remand, the trial court entered a "judgment after remand." Defendants have appealed from this judgment. The trial court made findings concerning damages and awarded plaintiff Frankel the sum of $100,833.33 for breach of contract.

I

### *The Question of the Meaning of a Remand With Directions*

In arriving at a different amount of damages upon remand, the trial court relied upon the discussion and computation directions set forth in the opinion of *Frankel* I. There it was stated that "'the measure of recovery by a wrongfully discharged employee is the amount of salary agreed upon for the period of service, less the amount which the employer affirmatively proves the employee has earned or with reasonable effort might have earned from other employment.'" The *Frankel* I court set forth that plaintiff Frankel would have earned $300,000 had the contract been honored; that defendant Four Star had paid him only $20,416.67 in wages prior to breach; that Four Star also owed him $559.61 for reimbursement of expenses; and that the balance due was

---

[1] The entire dispositional language in *Frankel* I was as follows: "The judgment awarding Mr. Frankel damages for intentional infliction of emotional distress is reversed. The judgment insofar as it determines that Four Star is liable to Mr. Frankel for breach of contract is affirmed. The case is remanded to the trial court for clarification of the findings of fact supporting the amount of the damages. Each party to bear his or its own costs."

$279,583.32. Against this sum, said the *Frankel* I court, should be credited the salary Frankel received from his subsequent employer, Paramount, of approximately $179,000, leaving a balance of about $100,000.

In response to defendants' contention that the initial judgment for $75,000 was not supported by the evidence, *Frankel* I declared that "[i]t cannot be said that the $75,000 judgment awarded by the trial court is excessive taking the foregoing facts into consideration." Plaintiff's appeal from the first judgment urged that the damages awarded of $75,000 were insufficient. In dealing with this contention, the *Frankel* I court noted that "we are unable to respond to the contentions of the parties addressed to the amount of the damages [due to the lack of the requested specific findings]. It will be incumbent upon the trial court on remand to remedy this defect."

In addition to making the $100,833.33 award to plaintiff as damages for breach of contract, the trial court on remand entered an order severing the cause of action for emotional distress and placing it on the active master calendar list for jury trial.[2] The trial court also denied plaintiff's claim for prejudgment interest.

On this appeal from the second judgment, defendants assert as error the trial court's action (1) in increasing the breach-of-contract damages award from $75,000 to $100,833.33, and (2) in allowing a new trial on the infliction-of-emotional-distress cause of action. Plaintiff before us defends the new judgment and characterizes the appeal of defendants as frivolous and undertaken for purposes of delay; plaintiff asks that we impose a penalty on defendants of $10,000.

To resolve the issue raised concerning the $25,000 increased award of damages for breach of contract, we are required to interpret the meaning of the language employed in the opinion of *Frankel* I, remanding that matter "for clarification of the findings of fact supporting the amount of damages."[3] We are not, of course, bound here by the interpretation adopted by the trial court upon remand. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 257 et seq.)

---

[2] That order is not in our record, but there appears to be no dispute that such an order was made. Our record does not include any reporter's transcript, either, although the parties cite in their briefs remarks made by the trial judge after remand.

[3] See footnote 1 for entire dispositional language.

■ The general rule applicable to the power of the trial court on remand is well established. In *Hampton* v. *Superior Court* (1952) 38 Cal. 2d 652, 655 [242 P.2d 1], it was stated that "[w]hen there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void. [Citations.]" A more recent expression of the principle is found in *Coffee-Rich, Inc.* v. *Fielder* (1975) 48 Cal.App.3d 990, 998 [122 Cal.Rptr. 302], that "[w]here a reviewing court has remanded a matter to the trial court with directions '. . . the trial court . . . is bound to specifically carry out the instructions of the reviewing court. . . . [A]ny material variance from the explicit directions of the reviewing court is unauthorized and void.'"

■ It is defendants' position here that the trial court's determination to increase the breach-of-contract damages award was a *material* variance from the instructions given in the remittitur, and thus was in excess of the trial court's jurisdiction. Plaintiff argues that, in light of the remittitur language, the discussion and computation of the breach-of-contract damages in the *Frankel* I opinion were appropriately relied upon by the trial court upon remand, and, hence, the increased award should be upheld.

It is clear that *Frankel* I's holding that the evidence was sufficient to support imposition of liability on defendants (in some amount) was the "law of the case." The question before us, however, is whether the court in *Frankel* I intended to authorize the trial court to entirely refashion its damages award or to limit the trial court on remand to the task of making specific findings to support the $75,000 award originally made. In determining this question, we look first to the dispositional language of the opinion—the language which constitutes the remittitur directions.

In our view, the disposition language—"the case is remanded to the trial court for clarification of the findings of fact supporting the amount of the damages"—cannot be considered, by itself, as a clear direction to the trial court to simply make findings to support the original $75,000 award. By considering the discussion in the opinion of *Frankel* I, the conclusion is inescapable that the directions to the trial court were intended to justify a redetermination of the amount of the award from the evidence previously introduced and in accord with *Frankel* I's instructions as to how the breach-of-contract damages were to be computed.

Thus, the *Frankel* I court set forth that the breach-of-contract damages was to be determined by starting with Frankel's three-year earnings of $300,000. From this figure the trial court was to deduct any sums actually paid to Frankel by Four Star and any earnings that Frankel had received or was likely to receive from subsequent employment of a similar kind from the time of breach of the contract to its expiration. The difference remaining, said the *Frankel* I court, was the amount of damages for breach of contract due to Frankel. In addition, the *Frankel* I opinion set forth that "[s]ince the trial court failed to make findings on issues related to those items of damage it took into consideration or credited to the parties, we are unable to respond to the contentions of the parties addressed to the amount of the damages. *It will be incumbent upon the trial court on remand to remedy this defect.*" (Italics added.)

There is one further matter that calls for comment. The *Frankel* I court upheld the trial court's denial of defendants' motion to reopen, after submission, for the purpose of introducing additional evidence on the issue of mitigation of damages. This holding made clear that the evidence presented at the first trial on the issue of damages was full and complete. Thus, there was no necessity for ordering a retrial on the issue of breach-of-contract damages in order for additional evidence to be introduced.

We hold, therefore, that the trial court correctly followed the mandate of *Frankel* I in determining anew the amount of breach-of-contract damages from the evidence before the court and making the requisite findings to support the new award of $100,833.33.

II

*The Severance of the Emotional Distress*
*Cause of Action and Plaintiff's*
*Right to a New Trial Thereon*

■ Defendants also complain of the trial court's order directing that the emotional distress cause of action be tried anew, contending that since *Frankel* I determined that the evidence which had been adduced below on this issue was insufficient to support the monetary award of $10,000, judgment should have been entered for defendants. But the rule is well established that "[t]he power to reverse with directions to

enter judgment for the appellant will not be exercised where there is a conflict in the evidence and a retrial may develop other important facts." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 546, p. 4487.) As stated in *Hampton, supra*, 38 Cal.2d 652, 655, "[a]n unqualified reversal by the reviewing court presumes that the cause has been remanded for a retrial."

In the case at bench, the *Frankel I* court made such an unqualified reversal on the emotional distress issue. Therefore, the trial court correctly viewed the cause of action as being viable upon remand. ■ As for the trial court's action in severing the matter for jury trial, *Spaulding* v. *Cameron* (1954) 127 Cal.App.2d 698, 701-702 [274 P.2d 177], tells us that "[t]he weight of authority appears to be that where a judgment has been reversed for a trial de novo, a party is not bound by his waiver of a jury at the first trial. . . .[however] where the cause is remanded on appeal for further proceedings and the determination of issues that could have been decided originally, a waiver of jury trail [*sic*] is binding as to the subsequent proceedings."

### III

#### *The Question of Whether Defendants' Appeal is Frivolous*

Plaintiff invites us to assess a substantial penalty—the sum of $10,000—against defendants for taking an appeal frivolous in nature and taken for purposes of delay only. We decline plaintiff's invitation. Under the circumstances presented here, arguable issues were clearly present. Plaintiff's assessment of defendants' motives and lack of good faith is patently without substance.

The judgment is affirmed.

Lillie, J., and Hanson, J., concurred.

The petition of defendants and appellants for a hearing by the Supreme Court was denied June 18, 1980. Clark, J., was of the opinion that the petition should be granted.