[No. B163270. Second Dist., Div. Eight. Dec. 23, 2002.]

CHARLENE BUTLER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DOROTHY TERRY, Real Party in Interest.

## COUNSEL

Law Offices of Alexander J. Perez and Alexander J. Perez for Petitioners.

No appearance for Respondent.

Morris, Polich & Purdy, Richard H. Nakamura, Jr., and Michael P. West for Real Party in Interest.

## OPINION

**RUBIN, J.—**

### INTRODUCTION

Charlene Butler and Bennie Nero obtained a judgment awarding them nominal damages on their personal injury claims against Dorothy Terry. We

reversed that judgment and remanded it with specific directions to the trial court. Despite our clear and specific directions, the trial court issued an order granting a motion for reconsideration of a ruling that was rendered prior to the issuance of the judgment. The effect of the trial court's order was to allow further trial court proceedings that were contrary to our clear directions on remand. Because the trial court's order materially differed from our remand directions, it was unauthorized and void. Accordingly, we issue a writ of mandate ordering the trial court to vacate its order granting reconsideration and compelling it to comply with our remand directions.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 1999, Butler and Nero filed a complaint for premises liability and negligence against their landlord, Terry. Butler and Nero alleged they were injured when Butler's bedroom ceiling fell on them during heavy rains. On October 18, 2000, after Terry failed to obey certain discovery orders, the trial court struck her answer, and the matter proceeded to a default prove-up hearing on October 24, 2000. At the end of that hearing, the trial court awarded Butler and Nero nominal damages, including $100 for medical expenses. Butler and Nero appealed.

On April 22, 2002, we reversed the judgment, concluding the trial court's ruling was arbitrary and disregarded the evidence presented at the prove-up hearing. Our clear instructions to the trial court on remand were "to enter a new default judgment in accordance with the evidence Butler presented at the default prove-up hearing on October 24, 2000." (*Butler v. Terry* (Apr. 22, 2002, B147001) [nonpub. opn.].) The remittitur issued on June 28, 2002.

Subsequently, Terry filed a motion for reconsideration essentially asking the trial court to vacate its order of October 18, 2000, striking her answer in the case.[1] On October 18, 2002, the trial court heard and granted the motion. The court ordered that at trial Terry could call as a witness any individual who inspected the ceiling prior to the night it fell if she provided the name and address of the witness to Butler and Nero at least 60 days before the postreversal trial date. When asked by counsel to explain the ruling and if it meant there would be a trial rather than simply a new judgment, as this court had directed, the trial court refused to comment further or provide any explanation. The trial judge then accepted a previously filed challenge under Code of Civil Procedure section 170.6 and transferred the case for reassignment to another judge.

Butler and Nero filed the present petition contending the trial court abused its discretion in granting the motion for reconsideration.

[1]Apparently, Terry had filed a motion for reconsideration prior to the entry of judgment in October 2000. She withdrew the motion before the entry of judgment.

## DISCUSSION

When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void. (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655-656 [242 P.2d 1]; *In re Candace P.* (1994) 24 Cal.App.4th 1128, 1131 [30 Cal.Rptr.2d 1]; *Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902 [163 Cal.Rptr. 902].) When, for example, "a cause is remanded with directions to enter a particular judgment, it is the duty of the trial court to enter judgment in conformity with the order of the appellate court, and that order is decisive of the character of the judgment to which the appellant is entitled. The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void." (*Snoffer v. City of Los Angeles* (1936) 14 Cal.App.2d 650, 653 [58 P.2d 961].)

A failure to follow appellate directions can be challenged by an immediate petition for writ of prohibition or writ of mandate. (*Hampton v. Superior Court, supra,* 38 Cal.2d at p. 656; *Bakkebo v. Municipal Court* (1981) 124 Cal.App.3d 229, 234 [177 Cal.Rptr. 239].)

In the present case, our decision reversing the judgment directed the trial court to enter a new default judgment in accordance with the evidence presented at the default prove-up hearing on October 24, 2000. These directions required a reevaluation of the testimony and documentary evidence submitted at the prove-up hearing and a new determination on the amount of damages warranted by the evidence. The directions allowed the trial court the flexibility to, for example, receive new evidence if necessary to clarify the evidence of damages already submitted at the October 24, 2000 prove-up hearing. But it did not leave open the option of reconsidering prior rulings or reopening the case on the facts and allowing a trial.

By its order granting reconsideration and now allowing Terry to dispute the facts of the case, the trial court effectively reopened the case on the facts and allowed a new trial. Logic leads to no other conclusion but that the trial court's order materially departed from our directions on remand. Thus, it was unauthorized and void.

## DISPOSITION

We have followed the procedures and given the notice described in *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203

Cal.Rptr. 626, 681 P.2d 893]. No factual issues are disputed, the legal error is clear, and the matter should be expedited. Thus, a peremptory writ in the first instance is appropriate. (Code Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

The petition is granted. Let a peremptory writ of mandate issue ordering the trial court to (1) vacate its order of October 18, 2002, granting reconsideration, (2) issue a new order denying the motion, and (3) comply with our remand directions in case No. B147001.[2] Butler and Nero are awarded their costs.

Cooper, P. J., and Boland, J., concurred.

---

[2]The trial judge assigned to this case has now recused himself from hearing it any further pursuant to Code of Civil Procedure section 170.6. It will therefore be the responsibility of the supervising judge of department 1 of the superior court, or a newly assigned judge, to comply with our writ of mandate.