Filed 6/8/21  P. v. Walton CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090876 |
| v. | (Super. Ct. No. 11F02805) |
| MICHAEL SIMLEE WALTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Simlee Walton asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In April 2011, defendant fired multiple shots into a crowd of people after an altercation at a house party.  In August 2012, a jury found defendant guilty of the murder of one victim, the attempted murder of a second victim, assault with a gun on three other victims, being a felon in possession of a firearm, and receiving stolen property (the gun).

1

Multiple gun enhancements were also found true.  The trial court sentenced defendant to state prison for a determinate term of 26 years four months and a consecutive minimum indeterminate life term of 65 years.

This court affirmed defendant's convictions in *People v. Walton* (Sept. 10, 2018, C072267) [nonpub. opn.] (*Walton I*), but vacated defendant's sentence and remanded the matter to allow the trial court to exercise newly granted discretion to strike one or more of the firearm enhancements based on statutory amendments that took effect while defendant's appeal was pending.[1]

On remand, the People opposed striking any of the firearm enhancements, arguing the enhancements were warranted given defendant's long criminal history, the extremely violent nature of the offenses with five shooting victims, and defendant's callous conduct that showed an extreme indifference to human life.  The prosecutor attached the original probation report, letters from the homicide victim's family, and this court's opinion in *Walton I*.

Defense counsel countered that the trial court should either strike or reduce the firearm enhancements because the evidence at trial showed defendant had fired the gun to defend himself after he had been attacked at the party.  Defendant read a statement to the trial court indicating that although he had been defending himself at the party, he nevertheless took responsibility for the choice to carry a gun.  He informed the trial court that while in prison, he worked with an outreach program and had obtained certificates for anger management, substance abuse treatment, cognitive awareness, and reentry, among other things.  He asked the trial court to strike the enhancements.

After considering the parties' arguments, the trial court declined to strike the firearm enhancements in the interest of justice.  The trial court cited defendant's lengthy

---

[1] We treated defendant's request to take judicial notice of the record in *Walton I* as a motion to incorporate by reference and granted the request.

criminal history and his actions in firing into a crowd of nearly 50 people, which left one person dead and several others injured.  At a subsequent hearing, the trial court resentenced defendant to the prison term previously imposed.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief arguing that on remand, his trial counsel should have sought a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) before he was resentenced, and counsel's failure to do so constituted ineffective assistance.

A reviewing court has authority to affirm, reverse, or modify any judgment or order appealed from and may order further proceedings.  (Code Civ. Proc., § 43.)  "The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned."  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701; see *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 ["the terms of the remittitur define the trial court's jurisdiction to act"].)  "The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void."  (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655; see *Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902 [remittitur directions are contained in the dispositional language of a reviewing court's previous opinion].)

In this case, our disposition in *Walton I* affirmed defendant's convictions, vacated his sentence, and remanded the matter to the trial court to decide whether to exercise its discretion to strike any or all of defendant's gun enhancements and to resentence him accordingly.  (*Walton I, supra*, C072267, at p. 12.)  The disposition did not direct the trial

3

court to conduct a *Franklin* proceeding to determine whether defendant had been provided with an adequate opportunity to make a record of youth offender information for subsequent use by the parole board. (See, e.g., *Franklin, supra*, 63 Cal.4th 261; Pen. Code, §§ 3051, 4801.) Because the trial court was limited on remand by our disposition, counsel was not deficient in failing to seek a *Franklin* hearing on remand.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We express no opinion on whether defendant is entitled to a *Franklin* proceeding by way of a motion in the trial court. (*In re Cook* (2019) 7 Cal.5th 439, 451, 458 [inmates who are entitled to a youth offender parole hearing under Penal Code section 3051 may seek the remedy of a *Franklin* proceeding by filing a motion in the trial court].)

### DISPOSITION

The judgment is affirmed.


                                              /S/
                                    MAURO, J.



We concur:



      /S/
RAYE, P. J.



      /S/
MURRAY, J.


4