Filed 1/27/22  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077323 |
| v. | (Super.Ct.No. RIF100567) |
| EARNEST LEE JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part; reversed in part.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A jury found defendant and appellant Earnest Lee Jones guilty of attempted voluntary manslaughter (Pen. Code,[1] §§ 664, 192, subd. (a), count 1), assault with a semiautomatic firearm upon four different individuals (§ 245, subd. (b), counts 2, 4, 6 & 7), attempted murder (§§ 664, 187, count 3), and discharging a firearm at an occupied vehicle (§ 246, count 5). The jury also found true firearm and great bodily injury allegations as to the various counts (§§ 12022.53, subd. (d), 12022.5, subd. (a)(1) & 1192.7, subd. (c)(8).) (*People v. Jones* (Dec. 17, 2004, E034706) [nonpub. opn.])[2] The trial court sentenced defendant to an indeterminate term of 32 years to life, plus a determinate prison term of 17 years. The case was remanded on three occasions for resentencing, following three prior appeals.

This fourth appeal arises from a resentencing hearing that was conducted after this court remanded for resentencing, directing the trial court to sentence defendant to the middle term of six years on count 6 and to stay the sentence and enhancement on count 4 pursuant to section 654. (*People v. Jones*, *supra*, E073637.) Defendant now contends that the trial court erred in declining to consider his request to strike a firearm enhancement since it had power to revisit his entire sentence on remand under the full

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] Defendant filed a request for this court to take judicial notice of our opinions in case Nos. E034706, E041222, and E073637. (See *People v. Jones*, *supra*, E034706; *People v. Jones* (Feb. 27, 2009, E041222) [nonpub. opn.]; and *People v. Jones* (Dec. 11, 2020, E073637) [nonpub.opn.].) By order filed on August 2, 2021, we granted that request.

resentencing rule.  He further argues that his counsel was ineffective for failing to inform the court that it had the power to revisit his entire sentence on remand.  The People concede the court's error.  We agree the matter must be remanded for full resentencing.

PROCEDURAL BACKGROUND[3]

Defendant filed his first appeal in 2003 and contended that the trial court failed to instruct the jury sua sponte with CALJIC No. 8.40, defining voluntary manslaughter.  We affirmed the judgment but agreed with the People that the court had improperly struck or stayed the imposition of an enhancement under former section 12022.53, subdivision (d), on count 5.  We thus remanded the matter for resentencing.  (*People v. Jones*, *supra*, E034706.)

At the resentencing hearing on May 12, 2005, the trial court imposed five years on count 5, to run concurrent to count 6, and imposed 25 years to life on the former section 12022.53, subdivision (d) enhancement on count 5, to run consecutive to the sentence imposed on count 3.  (*People v. Jones*, *supra*, E041222.)  It also imposed the upper term of nine years on count 6 (the principal offense) and imposed the midterm of six years on count 4 and stayed the term pursuant to section 654, as it had previously.  The total sentence imposed was 57 years to life, plus a determinate term of 13 years.

In 2006, defendant appealed from his resentencing.  He argued that at the resentencing hearing:  (1) the trial court erred by imposing a consecutive enhancement of 25 years to life under former section 12022.53, subdivision (d), on count 5; (2) the court

_____

[3] The extensive history of the sentencing and resentencing in this case is taken from our opinion in *People v. Jones*, *supra*, E073637.

3

erred under *Cunningham v. California* (2007) 549 U.S. 270, *Blakely v. Washington* (2004) 542 U.S. 296, and *Apprendi v. New Jersey* (2000) 530 U.S. 466, in imposing the upper term as to count 6; and (3) on count 3, the court sentenced him to the indeterminate term of life with a minimum parole eligibility of seven years, but then improperly added the 25-year-to-life enhancement under former section 12022.53, subdivision (d). (*People v. Jones*, *supra*, E041222.) We concluded that the court properly sentenced defendant on count 3. As to count 6, we agreed that the court erred since it imposed the upper term based on a fact other than a prior conviction, and the fact was not the result of a jury finding; thus, we struck the upper term sentence on count 6 and remanded for resentencing. (*People v. Jones*, *supra*, E041222.) As to count 5, we did not agree with defendant's claim. He relied upon *People v. Mustafaa* (1994) 22 Cap.App.4th 1305 (*Mustafaa*) to argue that the trial court could not impose a consecutive enhancement under former section 12022.53, subdivision (d), on count 5 since it imposed a concurrent sentence on the underlying conviction. We stated that nothing in the statutory language of former section 12022.53 barred the enhancement from being imposed consecutively on a count that the court had ordered to run concurrent to the principal term. (*People v. Jones*, *supra*, E041222, at *7-8.) We held that defendant's reliance on *Mustafaa* was misplaced since that case concerned the imposition of a gun use enhancement under former section 12022.5, subdivision (a), not the enhancement under former section 12022.53, subdivision (d). (*Jones*, *supra*, E041222, at *9.)

4

The court held another resentencing hearing on June 4, 2009. It followed this Court's direction to resentence defendant. In doing so, it sentenced defendant on count 6 to the midterm of six years.

On or around May 6, 2019, the Correctional Case Records Manager from the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the court stating that the minute order dated May 12, 2005, and the amended abstract of judgment dated May 17, 2005, reflected that the term on count 5 was imposed concurrently, and the former section 12022.53, subdivision (d) enhancement on count 5 was imposed consecutively to count 3. The letter stated that pursuant to *Mustafaa*, *supra*, 22 Cal.App.4th 1305, it was inappropriate to impose a concurrent term for an underlying offense and impose a consecutive term on the enhancement attached to the underlying crime. The letter asked the court to determine if a correction was required and noted that when notified by the CDCR that an illegal sentence existed, the trial court is entitled to reconsider all sentencing choices. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*).)

In response to the letter, the court held another resentencing hearing on July 31, 2019. At the outset, it noted for the record that it conducted a long chambers conference with the parties about the "tortured sentencing history of this case." The court stated the attorneys believed that, in order to get closest to the original sentence without violating any resentencing rules, the total sentence should be 16 years four months, plus 32 years to life. Both the prosecutor and defense counsel confirmed their understanding of the sentence. The court proceeded to sentence defendant. It determined the principal term

5

for the indeterminate sentence would be count 3 and sentenced him to seven years to life on that count. For the former section 12022.53, subdivision (d) enhancement on count 3, the court sentenced him to an additional 25 years to life, consecutive, for a total term of 32 years to life. The court selected count 6 as the principal term for the determinate sentence and sentenced defendant to the upper term of nine years,[4] plus the middle term of four years consecutive on the former section 12022.5, subdivision (a) enhancement, for a total of 13 years. On count 2, the court imposed three years four months to run consecutive to the term in count 6. On count 1, the court imposed six years but stayed it pursuant to section 654. On count 4, it imposed a total of 10 years to run concurrent to all other terms. On count 5, the court imposed the midterm of five years, plus a consecutive 25 years to life on the former section 12022.53, subdivision (d) enhancement "to run concurrent to all other terms." On count 7, the court imposed a total of 10 years to run concurrent to the other terms. When the court asked the parties if there was anything further to discuss, both counsel simply thanked the court.

Defendant appealed, contending that in resentencing him, the court erred in imposing the upper term on count 6 and in imposing the term on count 4 concurrently, rather than staying it under section 654. The People conceded, and this court remanded the matter once again. We stated, "The matter is remanded with directions for the trial

---

**4** The imposition of the nine-year term was directly contrary to this court's determination in a prior appeal (*People v. Jones*, *supra*, E041222) that imposition of the upper term on count 6 was barred because the court chose the upper term based upon impermissible facts. (See, *Cunningham v. California*, *supra*, 549 U.S. 270, *Blakely v. Washington*, *supra*, 542 U.S. 296, and *Apprendi v. New Jersey*, *supra*, 530 U.S. 466.)

court to sentence defendant to the middle term of six years on count 6 and to stay the sentence and enhancement on count 4 pursuant to section 654. In all other respects, the judgment is affirmed." (*People v. Jones*, *supra*, E073637.)

The trial court held another resentencing hearing on June 7, 2021. At the outset, the court noted that this court issued a remittitur in case No. E073637. The court noted that it did not do the trial or the sentencing, but it reviewed the remittitur. It proceeded to read the remittitur on the record. The court then stated, "So that's what I'm willing to do today, is to follow the direction from Court of Appeal." Defendant addressed the court, stating: ". . . so for Count 4 in my case, it says on the paper right here that Matthew Lopez suffered great bodily injuries, and that's not a factor in my case. That's the highest count that I have, the attempted murder with GBI [great bodily injury], but he never even suffered any GBI. Not at all. . . ."

The court responded, "I'm a trial judge and . . . I have to follow the directions of the Court of Appeal because they are my appellate court. So they are directing the trial judge to change the sentence, and they said, 'In all other respects, the judgment is affirmed.' [¶] There is [*sic*] channels available if you wish to continue to challenge your sentence and want to file a writ of habeas corpus, but I can't take up the issues that you're raising today, insufficiency of evidence or the other issues you're attempting to raise. I can't do that today, sir."

Defendant said, "Does the 1170 or 1260 apply to me?" The court said if defendant wanted to make a motion, it would have to be heard by the trial judge, and that if he wanted to appear before the trial judge, it could continue the hearing. Defendant said he

7

wanted to appear before the trial judge but then continued to assert that Matthew Lopez never suffered any GBI. The court said it did not know anything about the case and asked his attorney what she wanted to do. Counsel agreed with the court, stating, "The Court lost jurisdiction at this point to do anything else other than issue what the remittitur says." She explained to defendant that even if they continued the matter to be heard by the trial judge, the trial judge would not have the jurisdiction to do anything else. Counsel then asked the court to follow the directions of the remittitur. The court stated, "I'm going to go ahead and do it because my hands are tied. I cannot do anything else. And what you're raising needs to be raised in the form of a motion at a later time. All I'm doing is implementing the Court of Appeal's direction to the trial judge." It then reduced the sentence on count 6 to six years and stayed the term on count 4 under section 654.

## DISCUSSION

### The Case Must Be Remanded For Resentencing

Defendant contends that on remand, the trial court erred in refusing to consider his request to strike a firearm enhancement.[5] He claims that under the full resentencing rule, the court had the power to revisit his entire sentence, and it was "[i]n no way . . . limited to the formality of making the modifications specifically ordered by this Court." The

---

[5] We note that at the resentencing hearing, defendant argued as to count 4 that the victim did not suffer GBI. However, he appears to have been disputing the firearm enhancement on count 3, rather than count 4, in light of his comment, "That's the highest count that I have, the attempted murder with GBI, . . ." (See *People v. Jones*, *supra*, E073637.)

8

People concede. We agree the matter must be remanded for full resentencing in light of the rule set forth in *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*).

The established general rule applicable to the power of the trial court on remand is that when an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and must be followed. (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982.) "The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) When" 'there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.' " (*Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902.)

The trial court here acted in accordance with this court's prior opinion in case No. E073637 by sentencing defendant to the middle term of six years on count 6 and staying the sentence and enhancement on count 4 pursuant to section 654. We stated, "The matter is remanded with directions for the trial court to sentence defendant to the middle term of six years on count 6 and to stay the sentence and enhancement on count 4 pursuant to section 654. In all other respects, the judgment is affirmed." (*People v. Jones*, *supra*, E073637.) The directions given to the trial court explicitly circumscribed the scope of the court's authority on remand and did not permit it to consider striking

defendant's firearm enhancement.  Accordingly, the court declined to entertain defendant's request to strike the enhancement on the ground that its discretion was limited to implementing this court's directives concerning counts 4 and 6.  (See *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 442 [trial court "correctly determined that the limited scope of its jurisdiction on remand precluded it from modifying other aspects" of the sentence beyond the appellate court's directions].)

This court's directions in the appeal immediately preceding this one were unnecessarily too specific.  Because the trial court had again sentenced defendant to the upper term of nine years on count 6, and we had previously determined that such sentence was erroneous, the disposition should have reversed defendant's sentence and remanded the matter for a full resentencing, as we did in defendant's prior appeal.  (*People v. Jones*, *supra*, E041222.)  In *Buycks*, *supra*, 5 Cal.5th 857, our Supreme Court held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*Id*. at p. 893.)  In this case, in the appeal immediately preceding this one (*People v. Jones*, *supra*, E073637), we again struck defendant's nine-year term on count 6.  Under the *Buycks* rule, he was entitled to a full resentencing on remand.

Defendant avers that the court abused its discretion "[b]y mistakenly ruling that it had no power to strike [his] firearm enhancement," and that remand for resentencing is thus required.  In a similar claim, he argues that he received ineffective assistance of counsel since his attorney incorrectly believed the court had no power to make any

modifications to his sentence beyond those ordered by this court and failed to explain to the court that the full resentencing rule applied. However, we need not reach these claims as we determine defendant is entitled to a full resentencing hearing.[6]

DISPOSITION

Defendant's sentence is ordered vacated. We remand for a full resentencing hearing consistent with this opinion. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____<br>J.

We concur:

RAMIREZ_____
P. J.

MILLER_____
J.

---

[6] We note that the trial court was only empowered to act in accordance with our directives; thus, defendant cannot demonstrate that his counsel was ineffective. We further note in agreeing with defendant that the trial court had the authority to consider his entire sentencing scheme on remand under the full resentencing rule, respondent adds that the court had discretion under section 12022.53, subdivision (h), to consider his request to strike the firearm enhancement. Section 12022.53, subdivision (h), provides that, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section" and "[t]he authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." We agree.

11