Filed 6/26/24  Cricket Communications v. Superior Court CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., | H051568 |
| | (Santa Clara County |
| Petitioner, | Super. Ct. No. 2015-1-CV-288323) |
| v. | |
| SUPERIOR COURT OF SANTA CLARA COUNTY, | |
| Respondent, | |
| NAREN CHAGANTI, | |
| Real Party in Interest. | |

Cricket Communications petitions this court for a writ of prohibition.  Cricket seeks to prevent the trial court from allowing plaintiff and real party in interest Naren Chaganti to relitigate two causes of action that resulted in a 2018 jury verdict in Cricket's favor.  The jury verdict followed an earlier ruling by a different judge granting summary adjudication in favor of another defendant, New Cingular, on two other causes of action.

While Chaganti's appeal of the judgment on those matters was pending, he petitioned this court in August 2020 for a writ of error coram vobis on the ground that the first judge who issued the summary adjudication ruling had a disqualifying financial interest in AT&T Corp., the parent company of the two defendants.  In December 2021, a different panel of this court agreed and granted the coram vobis writ, directing the trial

court to vacate the judgment and the order granting summary adjudication. (*Chaganti v. Superior Court* (2021) 73 Cal.App.5th 237 (*Chaganti*).).

On remand to the trial court, the parties disagreed about the scope of this court's disposition in *Chaganti*. Cricket argued that only the summarily adjudicated causes of action could be relitigated, while Chaganti claimed that the 2018 jury verdict must be vacated as well. The trial court ultimately agreed with Chaganti, whereupon Cricket filed the instant writ petition.

On January 2, 2024, we issued a notice pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 (*Palma*), advising the parties that this court was considering issuing a peremptory writ in the first instance. Having now reviewed Chaganti's points and authorities in opposition to the petition and Cricket's reply thereto, we will issue a writ prohibiting the trial court from taking any action to vacate the 2018 jury verdict or allow Chaganti to relitigate the causes of action adjudicated thereunder, based on the opinion in *Chaganti*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Initial lawsuit and coram vobis petition*

The underlying facts that preceded the coram vobis writ are set forth in *Chaganti*. For context, we briefly restate them here before summarizing the events that followed remand.

In 2015, Chaganti filed a civil action against Cricket and New Cingular (defendants) for breach of contract, fraud, and negligence, relating to a commercial lease on property in Missouri. The case was assigned to Judge Theodore Zayner. In April 2018, defendants moved for summary adjudication. Judge Zayner granted the motion as to two of Chaganti's causes of action on statute of limitations grounds, leaving only two

2

causes of action asserted solely against Cricket.  (*Chaganti, supra,* 73 Cal.App.5th at p. 240.)

The remaining causes proceeded to a jury trial before Judge JoAnne McCracken in September 2018.  The jury returned a special verdict in favor of Cricket, and in December 2018, the court entered judgment.  Following entry of judgment, Chaganti unsuccessfully moved for a new trial and judgment notwithstanding the verdict.  On March 8, 2019, Chaganti filed a notice of appeal from the judgment.  (*Chaganti, supra,* 73 Cal.App.5th at pp. 241–242.)

In August 2019, Chaganti discovered Judge Zayner's 2018 Form 700, which showed that he owned stock in AT&T Corp., formerly Time Warner Inc., with a market value between $10,001 and $100,000.[1]  Judge Zayner had never disclosed to the parties his ownership of AT&T Corp. stock during the pendency of Chaganti's action in the trial court.  (*Chaganti, supra,* 73 Cal.App.5th at pp. 241–242.)

In August 2020, Chaganti filed a coram vobis petition.  The court of appeal issued an order to show cause, and defendants filed a demurrer and a return.  The court then stayed Chaganti's appeal, *Chaganti v*. *Cricket Communications Inc*. (H046735), pending disposition of the coram vobis writ proceeding.  (*Chaganti, supra*, 73 Cal.App.5th at pp. 241–242.)

### B.  **Chaganti** *remedy and disposition*

The court determined that Chaganti had satisfied the requirements for obtaining a writ of error coram vobis.  (*Chaganti, supra*, 73 Cal.App.5th at p. 247.)

With respect to the remedy, the court held:  "Since a disqualified judge lacks jurisdiction to act, any act the disqualified judge took was 'a nullity.' [Citation.] 'It was

---

[1] Judge Zayner's 2016 and 2017 Form 700s had disclosed that he owned stock in Time Warner Inc. with a value of $10,001 to $100,000.  AT&T apparently merged with Time Warner in June 2018.  It is undisputed that Judge Zayner owned AT&T Corp. stock at the time of his summary adjudication ruling.

just as much a nullity if he decided the case correctly as if he had rendered an erroneous judgment.' [Citation.]  In this case, Judge Zayner's summary adjudication ruling was a nullity, so both the judgment, which incorporated that ruling, and the summary adjudication ruling itself must be vacated."  (*Chaganti, supra,* 73 Cal.App.5th at pp. 249.)

The court also addressed Chaganti's separate argument that Judge Zayner's disqualification should extend to Judge McCracken and the proceedings over which she presided:  "Chaganti also alleges in his petition that Judge McCracken was disqualified because she had 'disclosed to the parties that she had conversations about the case with Judge Zayner.' He claims that, even though 'it is unclear what was discussed, it is clear that if Hon. Zayner is disqualified, then the jury verdict should be vacated along with the judgment entered in the case.' The return denied this allegation and noted that Chaganti had produced no evidence to support it. Chaganti's reply to the return does not address this issue. Accordingly, we conclude that he has failed to meet his burden of demonstrating that he is entitled to coram vobis relief with regard to Judge McCracken's participation in this action."  (*Chaganti, supra*, 73 Cal.App.5th at p. 249.)

The disposition then stated:  "The writ of error coram vobis is granted. The superior court is directed to vacate the judgment and the order granting summary adjudication."  (*Chaganti, supra*, 73 Cal.App.5th at p. 249.)

The remittitur issued on February 28, 2022.

### C.  *Proceedings following remand*

The parties quickly disagreed about whether *Chaganti* required the trial court to vacate the 2018 jury verdict as well.[2]

---

[2] The path the parties traveled from remittitur to the instant writ petition was somewhat convoluted.  In addition, not all relevant documents have been included as exhibits here.  In short, as the ensuing overview demonstrates, the trial court ultimately granted Chaganti leave to file an amended complaint, based on the court's interpretation of *Chaganti* as requiring that the 2018 jury verdict be vacated.

In January 2023, Chaganti applied ex parte for an order shortening time to allow him to file a motion for leave to amend his complaint. On January 17, 2023, the trial court denied Chaganti's ex parte application, stating in part that this court's opinion in *Chaganti* "clearly states that only the [judgment] and Judge Zayner's summary adjudication ruling have been vacated" (January 17 order).[3] Shortly thereafter, on January 23, 2023, Chaganti filed another ex parte application, this time seeking reconsideration of the court's January 17 order. On January 31, 2023, the trial court denied that application as well, but "without prejudice to a noticed motion pursuant to Code of Civil Procedure section 1008," which motion it calendared for March 7, 2023.[4]

Chaganti then filed a motion on February 22, 2023, captioned as a "motion to declare the first trial tainted by Hon. Zayner's disqualification and to void the proceeding" (February 22 motion), with a hearing date of May 11, 2023. He argued that the trial and resulting jury verdict were "influenced by" the void summary adjudication order, so that all of Judge McCracken's orders "should be held tainted" by the disqualification of Judge Zayner. Specifically, he argued, Judge McCracken had granted two of Cricket's motions in limine to preclude reference to any aspect of the negligence cause of action which had been summarily adjudicated by Judge Zayner. Because those motions were predicated on a void ruling, Chaganti argued, the jury verdict must be declared void as well. In addition, all proceedings overseen by Judge McCracken must be declared void because the judge had "informed the parties in chambers that she consulted with [Judge Zayner] during trial."

---

[3] The actual ex parte application is not included in the exhibits in this writ proceeding.

[4] Code of Civil Procedure, section 1008 generally governs applications for reconsideration of prior interim court orders based on new or different facts, circumstances, or law. (Code Civ. Proc., § 1008; see, e.g., *Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1278.)

5

Further, he argued that, in *Chaganti*, the court "did not rule on whether the taint of disqualification due to the void order also disqualified [Judge McCracken]," and that instead the opinion "was limited to vacating the summary adjudication order."

On April 6, 2023, the trial court entered an order entitled "Order on motion of plaintiff to reconsider and amend the order of this court dated 17 January 2023 to hear motion of plaintiff for leave the file a first amended complaint" (April 6 order). In the April 6 order, the trial court first explained that it was reconsidering its January 17 order on its own motion: "This Court is quite willing to accept the possibility that it has been mistaken when it made the original order denying the motion. Therefore, this Court will, on its own motion, reconsider the order. The underlying premise of the defense remains the same, which is that the jury verdict should not be disturbed."

The April 6 order then stated that it was also addressing Chaganti's motion for leave to file an amended complaint, based on his contention that "the reversal by the Court of Appeal undid the order of Judge Zayner and everything thereafter."[5]

The April 6 order acknowledged Cricket's argument that *Chaganti* had "granted the writ and remanded this matter for the sole purpose of adjudicating those claims that Judge Zayner had summarily adjudicated via the July 26, 2018, motion. Though the judgment was vacated, the jury verdict overseen by Judge McCracken was left undisturbed."[6]

---

[5] The exhibits filed with this writ petition do not include any motion captioned as a motion for leave to file an amended complaint. It is not clear if the trial court was referring to such a motion that was not included in the exhibits, or to Chaganti's February 22 motion. The trial court's September 21, 2023, order denying Cricket's motion to strike the first amended complaint recites that Chaganti filed such a motion on May 2, 2023.

[6] Cricket did not include a copy of any opposition to Chaganti's February 22 motion in the exhibits submitted with its writ petition. Chaganti did include with its exhibits in support of its opposition a document identified as Cricket's "memorandum of points and authorities in opposition to plaintiff's motion for leave to file first amended complaint," but that document is not file-stamped.

6

The trial court concluded as follows: " In sum, this Court finds that there is no language in the Court of Appeal decision that upholds Judge McCracken's supervision of the trial. On the contrary, the Court of Appeal held that Judge Zayner should have been disqualified, and everything following his ruling on the summary judgment motion was a nullity, as though they did not happen. … [¶] This Court will GRANT the motion of plaintiff for reconsideration and then will GRANT the motion for leave to file an amended complaint."

On April 26, 2023, Cricket filed an opposition to Chaganti's February 22 motion. The opposition purported to be in response to Chaganti's February 22 motion, which had calendared the hearing for May 11, 2023. The opposition also stated that, "[b]efore the Court heard Chaganti's motion for reconsideration, Chaganti filed a duly noticed motion for leave to amend his complaint, with a hearing date of May 11, 2023." Again, though, no such motion for leave to amend is included in the exhibits in this writ proceeding.

On May 18, 2023, Chaganti filed a document entitled "Reply re: Motion to Declare the First trial as Tainted by Hon. Zayner's disqualification and to Void the Proceeding." In it, Chaganti contended that the relief sought by his February 22 motion had already been granted by the trial court's April 6 order. Because the April 6 order had rendered his motion moot, he argued, he "withdraws the motion without prejudice."

On May 18, 2023, Chaganti filed a first amended complaint (FAC). It set forth 13 causes of action against New Cingular and Cricket, including breach of contract, fraud, negligence, trespass, nuisance, tortious interference with contract, and breach of the covenant of good faith and fair dealing.

A hearing then appears to have been held on May 25, 2023.[7] Counsel for Cricket sought clarification from the court that it was not granting Chaganti's February 22 motion: "[W]e just want the record to be clear, that the Court is not granting that motion.

---

[7] Included among the exhibits is a portion of a hearing transcript with that date.

7

The Court has not -- as I review the tentative and the record, there was no order from this Court vacating the 2018 jury verdict as requested by Plaintiff." The trial court responded: "The Court of Appeal said what it said, and I'm not going to overrule them." In its subsequent September 21, 2023, order denying Cricket's motion to strike the FAC, the trial court described its April 6, 2023 order as "an order granting plaintiff Chaganti's motion for reconsideration and subsequently granting plaintiff Chaganti's motion for leave to file an amended complaint."

On May 30, 2023, Cricket demurred and moved to strike the FAC.[8] With respect to the motion to strike, Cricket stated that it was brought on the grounds that: "Plaintiff's FAC realleges claims and factual allegations against Cricket that Plaintiff brought to trial in 2018 and which were rejected by a unanimous jury verdict, including Counts I (Breach of Contract) and II (Fraud) … Issues that have been tried to a jury cannot be re-tried except in accordance with statute, *i.e.,* by a motion for new trial in superior court or a reversal of the verdict by the Court of Appeal. This Court should grant this motion to strike because an amended pleading is not a substitute for a new trial motion or an appeal. This Court previously denied Plaintiff's statutory new trial motion, and the Court of Appeal did not disturb the 2018 jury verdict when granting the writ of *coram vobis*."[9]

The trial court denied the motion to strike on September 21, 2023. It held: "Cricket apparently contends that this court, in granting plaintiff Chaganti leave to amend, is effectively granting plaintiff Chaganti a new trial and a trial court does not have jurisdiction to do so. This Court thoroughly understands how defendants came to this position. … [¶] In the appellate decision, the Sixth District in *Chaganti* expressly held coram vobis relief did not extend to Judge McCracken's participation in this action. It further expressly held that vacating the entire judgment is consistent with the one

---

[8] New Cingular also demurred to the FAC.
[9] The exhibits in this writ proceeding do not include any points and authorities filed in support of the motion to strike.

judgment rule, as evidenced when the Sixth District issued remittitur of the related appeal with the explanation that the appeal was 'dismissed as premature and/or taken from a nonappealable order, as there is no longer a final judgment in this matter, pursuant to the writ of error coram vobis.' … [¶]  That said, the court can see how the appellate decision can be viewed both ways. It might have been nice if the decision would have been [sic] more clear as to the issue of the jury verdict. However, it is not this trial court making this decision. The use of the word 'nullity' is powerful, and the Sixth District Court of Appeal did so when it directed this court to vacate the judgment."

Finally, the trial court stated:  "The court does not read [the disposition in *Chaganti*] to be limited in the manner suggested by defendant Cricket. Accordingly, defendant Cricket's motion to strike the FAC is DENIED."

With respect to the demurrers, the trial court sustained them with leave to amend, on grounds not relevant to this writ proceeding.  Chaganti filed the operative second amended complaint on October 5, 2023.

### D.  Cricket's petition for writ of prohibition

Cricket filed the instant writ petition on November 14, 2023, seeking "a writ of prohibition to restrain the Santa Clara County Superior Court from allowing [Chaganti] to re-litigate two claims that were adjudicated by jury trial in 2018."  Cricket contends that "[t]he trial court lacks jurisdiction to compel Cricket to re-litigate Chaganti's claims without either an appellate reversal of the verdict or compliance with the statutory requirements for a new trial. The proper interpretation of the remittitur in *Chaganti* is a question of law for this Court. A writ of prohibition should issue to restrain Respondent Superior Court from treating the *Chaganti* remittitur as a reversal of the 2018 jury verdict, when it plainly is not."

Chaganti filed a preliminary opposition on November 20, 2023, to which Cricket replied on December 1.  We then issued a *Palma* notice on January 2, 2024, and ordered

the trial court proceedings stayed pending further order from this court.  The parties filed briefing in response.  We now address the merits of Cricket's petition.

## II. DISCUSSION

This writ petition presents a narrow issue:  whether the disposition in *Chaganti* directed the superior court to vacate the 2018 jury verdict.  As we explain below, it did not.

### A.  Applicable law

"The appellate court has the authority in the disposition to 'affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had.' " (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 312 (*Ducoing*), quoting Code Civ. Proc., § 43.)  The disposition constitutes an appellate court's actual judgment, to be distinguished from the opinion, which discusses the case's procedural history, facts, and applicable law.  (*Ducoing,* at p. 312–313, citing Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 11:45, p. 11–16 (rev. # 1, 2011).)

"A disposition is not intended to be a riddle, and the directions in the dispositional language, as conveyed by the remittitur, are to be followed by the trial court on remand." (*Ducoing, supra,* 234 Cal.App.4th at p. 313, quoting *Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701–702 (*Griset*).)

Although the disposition constitutes the appellate court's actual judgment, it is not required to spell out every matter intended to be covered.  (*Ducoing, supra,* 234 Cal.App.4th at p. 313.)  Rather, a disposition is to be construed "according to the wording of its directions, as read with the appellate opinion as a whole." (*Id.*, quoting *Eldridge v. Burns* (1982) 136 Cal.App.3d 907, 917–918.)  " 'It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of

matters prohibited by its directions on remand.' " (*Ducoing,* at p. 313, quoting *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 863 (*Ayyad* ).)

"Whether the trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review.  In interpreting the language of a judicial opinion, the appellate court looks to the wording of the dispositional language, construing these directions 'in conjunction with the opinion as a whole.' " (*Ducoing, supra,* 234 Cal.App.4th at p. 313, quoting *Ayyad, supra,* 210 Cal.App.4th at p. 859.)

"A failure to follow appellate directions can be challenged by an immediate petition for writ of prohibition or writ of mandate." (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 (*Butler*).)

### B.  Analysis

#### 1.  *The reversal with directions in* Chaganti

The disposition in *Chaganti* directed the superior court "to vacate *the judgment* and *the order granting summary adjudication*." (*Chaganti, supra*, 73 Cal.App.5th at p. 249, italics added.)  It thus expressly identified two specific acts to be vacated, but did not identify the 2018 jury verdict or direct the trial court to vacate it.

Those directions were consistent with, and directly followed, the opinion as a whole. (*Ducoing, supra,* 234 Cal.App.4th at p. 313.)  In the "remedy" section of the opinion, the court explained that because a disqualified judge lacks the jurisdiction to act, "any act *the disqualified judge* took was 'a nullity.' " (*Chaganti, supra,* 73 Cal.App.5th at p. 249, italics added, quoting *Cadenasso v. Bank of Italy* (1932) 214 Cal. 562, 568.) The opinion did not state, for example, that any act taken in a proceeding after an act taken by a disqualified judge is a nullity.  The "remedy" section then clarified that "Judge Zayner's summary adjudication ruling was a nullity, so both the judgment, which incorporated that ruling, and the summary adjudication ruling itself must be vacated." (*Chaganti,* at p. 249.)  Once again, the opinion specified the two acts to be vacated:  (1)

11

the summary adjudication ruling, and (2) the judgment, because it incorporated the summary adjudication ruling. It did not identify the 2018 jury verdict as an act to be vacated.

Further, the "remedy" section then expressly addressed and rejected Chaganti's argument that the 2018 jury verdict should be vacated. Chaganti had argued that Judge McCracken should be disqualified as well because she had " 'disclosed to the parties that she had conversations about the case with Judge Zayner.' " (*Chaganti, supra,* 73 Cal.App.5th at p. 249.) Accordingly, Chaganti argued, " 'the jury verdict should be vacated along with the judgment entered in the case.' " (*Ibid.*) But the court rejected the argument, stating: "we conclude that he has failed to meet his burden of demonstrating that he is entitled to coram vobis relief with regard to Judge McCracken's participation in this action." (*Ibid.*)

### 2. *The trial court's interpretation of* Chaganti

The trial court here interpreted the disposition in *Chaganti* as holding that "Judge Zayner should have been disqualified, and everything following his ruling on the summary judgment motion was a nullity, as though they did not happen." It construed the disposition as if it extended to, and included, directions to vacate the 2018 jury verdict: "The court does not read this instruction [in the disposition] to be limited in the manner suggested by defendant Cricket."

As we have explained, though, *Chaganti* expressly identified two specific acts to be vacated, but did not extend to or include the 2018 jury verdict. (*Chaganti, supra*, 73 Cal.App.5th at p. 249; *Ducoing, supra,* 234 Cal.App.4th at p. 313 [whether trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review].

### 3. *The scope of the trial court's jurisdiction following remand*

Following remand, the scope of the trial court's jurisdiction was defined by and limited to the terms of the remittitur in *Chaganti*. "The order of the reviewing court is

contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset, supra,* 25 Cal.4th at p. 701.)

"When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur." (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655.) In contrast to an unqualified reversal, a reversal with directions, as here, empowers the trial court "to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void. [Citations.]" (*Ibid.*)

"The appellate court clerk's issuance of the remittitur effects the transfer of jurisdiction to the lower court. [Citation.] . . . [T]he terms of the remittitur define the trial court's jurisdiction to act. 'The order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled." ' [Citations.]" (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5.)

Here, the remittitur did not reinvest the trial court with jurisdiction to vacate the 2018 jury verdict. Accordingly, the court's actions vacating the 2018 jury verdict and allowing Chaganti to relitigate the causes of action adjudicated thereunder based on *Chaganti* were in excess of its jurisdiction.[10]

In such circumstances, a writ of prohibition or mandate is appropriate. (*Butler, supra,* 104 Cal.App.4th at p. 982.)[11]

### III. DISPOSITION

Let a peremptory writ of prohibition issue restraining respondent court from taking any action to vacate the 2018 jury verdict or allow Chaganti to relitigate the causes of

---

[10] Because a new judgment must be entered after the trial court proceedings have concluded, Chaganti will still have the right to appeal that judgment.

[11] We decline Chaganti's request for judicial notice as unnecessary to our resolution of this writ proceeding. (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 755, fn. 6.)

action adjudicated thereunder based on the opinion in *Chaganti*, and directing respondent court to vacate its April 6, 2023, order and its September 21, 2023, order, and strike the second amended complaint in this action. Upon issuance of the remittitur, the temporary stay is vacated. Cricket shall recover its costs in this writ proceeding.

_____
                         Wilson, J.

WE CONCUR:

_____
         Danner, P. J.

_____
         Lie, J.

Cricket Communications, Inc. v. Superior Court
H051568