Filed 9/30/16  P. v. Olguin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEO RAY OLGUIN,<br><br>Defendant and Appellant. | A145224<br><br>(Alameda County<br>Super. Ct. No. CH50110) |

Defendant Leo Ray Olguin appeals following resentencing. In a prior appeal, this court affirmed his convictions for, among other things, three counts of second degree murder and numerous offenses related to his reckless driving. We concluded, however, that defendant received ineffective assistance of counsel in connection with his sentencing and, thus, we remanded for resentencing. (*People v. Olguin* (Aug. 27, 2014, A138446) [nonpub. opn.].) In the present appeal, defendant contends the trial court failed to comply with the terms of the remand and made several additional sentencing errors. With the exception of one minor error that we shall correct, we conclude the trial court complied with the terms of the remand and that the sentence imposed falls within the bounds of the trial court's discretion.

**Background**

Only a brief recitation of the facts is necessary as background for the sentencing issues. On December 11, 2009, a sheriff's deputy saw defendant driving recklessly. The deputy attempted to pursue the vehicle but suspended the pursuit when the deputy deemed it unsafe to continue. Shortly after suspending the chase, the deputy saw an

1

"explosion of car parts flying through the air." At the intersection, the deputy found a rear bumper and tail light pieces on the road and possible damage to a telephone pole. Shortly thereafter, the vehicle was located in a nearby apartment complex and defendant's identification was recovered from the vehicle. On December 23, 2009, a different sheriff's deputy saw defendant driving recklessly. A dashboard camera in the deputy's vehicle recorded the ensuing high speed chase. The chase ended when defendant ran a red light and crashed into a truck. The three passengers in the back seat of defendant's car died as a result of injuries suffered in the crash. A fourth passenger, who was seated in the front of the car, suffered serious injuries. Evidence was also presented that approximately 45 minutes before the fatal crash, two of the dead victims had committed or attempted to commit a robbery.

Defendant was convicted of three counts arising out of the December 11 incident: Count one charged reckless evasion of a police officer (Veh. Code, § 2800.2, subd. (a)); count two charged evasion of a police officer by driving against traffic on a highway (Veh. Code, § 2800.4); and count three charged misdemeanor hit-and-run (Veh. Code, § 20002, subd. (a)). Defendant was convicted of six counts arising out of the December 23 incident: counts four, five and six charged the crime of murder (Pen. Code, § 87); count seven charged evasion of a police officer causing injury (Veh. Code, § 2800.3, subd. (a)); count eight charged reckless evasion (Veh. Code, § 2800.2, subd. (a)); and count nine charged driving under the influence causing injury (Veh. Code, § 23153, subd. (a)). Defendant was found not guilty of three counts of robbery or attempted robbery (Pen. Code, §§ 211, 664).

Defendant was initially sentenced to an aggregate of 110 years and four months to life in prison, calculated as follows: The court imposed consecutive terms of 15 years to life for each of the three second degree murder convictions. Each of these terms was doubled under the Three Strikes Law, Penal Code section 667, subdivisions (b) through (i). The court treated count seven (evasion of a police officer causing injury) as the principal term and imposed the upper sentence of seven years, a consecutive one-third-the-midterm sentence of eight months on count one (reckless evasion of a police officer)

and concurrent terms of one year four months on counts two, eight and nine. Each of these terms was also doubled under the Three Strikes Law. The court dismissed count three under Penal Code section 1385. (*People v. Olguin* (Aug. 27, 2014, A138446) [nonpub. opn.].)

In the first appeal, defendant argued that his trial attorney provided ineffective assistance by failing to object to the trial court's failure to make a statement of reasons on the record in support of its discretionary sentencing choices. Specifically, defendant argued, " 'First, designating count seven, reckless evasion, as the principal term, the court chose the upper term of seven years. (Veh. Code, § 2800.3, subd. (a).) Although the doubling of this term to 14 years was mandatory under the three-strike law (Pen. Code, § 1170.12, subd. (c)(1)), the choice of the term to be doubled was discretionary, and required a statement of reasons. (Pen. Code, § 1170, subd. (c).) None was given. Secondly, and more importantly, the murder counts,—four, five and six,—also doubled to 30 years to life, were imposed consecutively. Because these murders occurred on the same occasion and arose from the identical set of operative facts, concurrent sentences were not statutorily barred (Pen. Code, § 1170.12, subd. (a)(6)), and the sentencing court's choice of consecutive imposition of the term for these counts required a statement of reasons. (Cal. Rules of Court, rule 4.406(b)(5).) None was given.' " (*People v. Olguin*, (Aug. 27, 2014, A138446) [nonpub. opn.].) Because the court had been advised incorrectly by the prosecutor and the probation department that consecutive sentences on the murder charges were mandatory, we could not determine from the record whether the court was aware of and had exercised its discretion in sentencing defendant. Accordingly, we found the failure to object prejudicial and remanded for resentencing. In addition, as defendant and the Attorney General agreed that the court erred in imposing concurrent terms on counts two, eight and nine after determining that Penal Code section 654 applied to those counts, the trial court was further directed on remand to stay the sentences imposed on those counts.

On remand, the court again selected count seven as the principal term and imposed the upper term of seven years on that count, a consecutive one-third-the-midterm

sentence of eight months on count one, and concurrent terms of one year four months on counts two, eight and nine. Each of these terms was also doubled under the Three Strikes Law for a determinate term of 15 years, four months. The term of 30 years to life on count four (murder) was imposed consecutive to the determinate term. The term of 30 years to life on count five (murder) was imposed to run consecutively to the term on count four but concurrent to the term of 30 years to life on count six (murder). With the imposition of a five-year enhancement for the strike prior, the new aggregate term is 80 years and 4 months to life.

The court offered the following statement of reasons for its sentencing choices: "First of all, I do want to indicate that count seven would be the principal term as to the determin[ate] sentence. The reason why I selected count seven [as] the principal determin[ate] sentence because it was the most serious required by the sentencing provisions to select the most significant. [¶] I do select the upper term, once again because of the seriousness of the particular injury as well as the prior incident 12 days before. So in aggravation, I do select the upper principal term on count seven for seven years in the state prison. Because it is a second strike case, that would be doubled to 14 years. [¶] On count four, [defense counsel] correctly perceives that [the victim] was not a participant in the robbery. I do sentence him to 15 years to life in the state prison. Because it is a second strike, I double that to 30 years. [¶] The issue on the sentencing that I perceive the court of appeals indicated was, I was not sure whether or not I really had discretion to run counts five and six concurrently and the court of appeals was indicating to me that I can run them concurrent or consecutive. [¶] I have made the decision that I am going to run count five and six concurrently with each other, however, consecutive to count four. The reasons for that is I take into consideration apparently [these two victims] were participants in a robbery or attempted robbery during the course of this entire transaction. And I do agree that [defense counsel] has presented compelling case with respect to the factors on consecutive and concurrent. However, once again, I am going to run five and six concurrent, however, I am going to run the one—the five and six concurrent count consecutive to count four for an additional 15 doubled to 30

4

years to life consecutive. My reason, once again, is aggravation factor. [¶] I agree, Mr. Olguin is not [a] psychopath or a sociopath and is what I meant by say[ing] he's wasn't a monster. However it is obvious to me he is a thug. He is a criminal. He engages in criminal conduct. But for his running away from this halfway house, he would not have been in this situation, so he . . . escaped from this halfway house. Here is a fellow that is on parole for a carjacking. He has got a prior felony conviction for possessing an assault weapon. I don't consider this particularly good or nonviolent crime. That indicates to me that he is a criminal. Once again, I agree he is not a sociopath or psychopath but he is a common street thug. Now, you think about it, we heard testimony 12 days before he gets in another serious driving situation when he fears—flees from the police. It was a very experienced deputy sheriff that was chasing him. The deputy sheriff gave up the chase because it was just too dangerous for the general people on the roadway, so he gave up the chase because it was too dangerous. So he is out driving around with these four other people in the car. Apparently, according to his testimony, everybody is loaded on drugs or whatever else. They tried to do a robbery of some innocent people and during the course of that robbery certain items are taken. I remember vividly that they actually went to the victim's house, to inform one of the victims of the robbery's family that the person was dead and it turned out they were upstairs in their bedroom. I meant, it is just senseless criminal conduct. [¶] Also, the fact that were I to run them all concurrent, it would really be devaluing people's lives. Were I to say their life was not worth anything, they are somebody's children, they are somebody that people love and cared about. Hence, once again, that is why I am making the sentencing decisions."

Defendant filed a timely notice of appeal.

## Discussion

"Within the limits set forth by the Legislature, a trial court has broad discretion . . . whether to select the upper, middle, or lower term of imprisonment (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420(b))." (*People v. Clancey* (2013) 56 Cal.4th 562, 579.) "In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports . . . and statements in aggravation or mitigation

submitted by the prosecution, the defendant, or the victim, . . . and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected and the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b).) "[A] single factor in aggravation suffices to support an upper term." (*People v. Osband* (1996) 13 Cal.4th 622, 730.)

A trial court has similarly broad discretion to determine whether several sentences are to run concurrently or consecutively. (*People v. Caesar* (2008) 167 Cal.App.4th 1050, 1059, disapproved on another ground in *People v. Superior Court* (*Sparks*) (2010) 48 Cal.4th 1, 18.) "Any circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences, except" factors already used to impose an upper term, to enhance defendant's sentence, or which constitute an element of the crimes for which defendant was convicted. (Cal. Rules of Court, rule 4.425(b).) "Only one criterion is necessary to impose a consecutive sentence." (*People v. King* (2010) 183 Cal.App.4th 1281, 1323.) The sentencing court's decision is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

### 1. *Counts Two, Eight, and Nine*

As defendant notes, the court was directed to stay the sentences imposed on counts 2, 8, and 9 rather than impose concurrent sentences, but did not do so. Accordingly, we shall amend the abstract of judgment to stay the sentences imposed on those three counts.

### 2. *Count Seven*

On count seven, defendant was convicted of causing great bodily injury to a person while attempting to recklessly evade a police officer on December 23. (Veh. Code § 2800.3, subd. (a).) The trial court imposed the aggravated term based on "the seriousness of the particular injury as well as the prior incident 12 days before." Defendant contends the trial court improperly relied on the seriousness of the injury in

6

selecting the upper term because serious bodily injury is an element of the offense. (Cal. Rules of Court, rule 4.420(d) ["A fact that is an element of the crime upon which punishment is being imposed may not be used to impose a greater term."].) The Attorney General concedes that "the seriousness of the injury in count seven, was in fact duplicative of an element of the crime." Any error in this regard is immaterial, however, because the fact that defendant engaged in similarly reckless driving just 12 days before was sufficient to support selection of the upper term.[1]

A trial court may base an upper term sentence upon any aggravating circumstance that the court deems "significant," and that is " 'reasonably related to the decision being made.' " (*People v. Sandoval, supra,* 41 Cal.4th at pp. 836, 848; see also Cal. Rules of Court, rule 4.408(a) [Aggravating circumstances enumerated in California Rules of Court, rule 4.421 are not exclusive criteria for the making of discretionary sentencing decisions. Court may apply "additional criteria reasonably related to the decision being made."]; *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1325-1326 [A trial court abuses its discretion if it "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision."].) The fact that 12 days prior defendant engaged in similarly reckless conduct that resulted in an apparent collision with a telephone pole put defendant on notice of the serious risks created by such misconduct. This factor alone is sufficient to support the court's decision to impose the aggravated term for the offense. (*People v. Osband, supra,* 13 Cal.4th at p. 730.)

### 3. *Count Four*

Defendant contends the trial court failed to comply with the terms of remand by not providing a statement of reasons in support of the decision to run the indeterminate 30-year term imposed on count four consecutive to the 15-year four-month determinate term. He argues that the trial court's failure to comply with the terms of remand is per se

---

[1] Although defendant initially challenged the trial court's failure to state reasons for imposition of a consecutive sentence on count one, defendant concedes in his reply brief that the consecutive sentence was mandatory. (See Pen. Code, § 667, subd. (c)(6).)

7

reversible error. (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 ["When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and *must* be followed."].) As the Attorney General observes, however, in the initial appeal defendant attacked "only the imposition of consecutive terms *among* the three murder counts, and not their imposition consecutively to other counts." Accordingly, our prior opinion did not address the need for a statement of reasons on remand with respect to the decision to run count four consecutive to count seven. Although the necessity for a statement of reasons for this discretionary decision as well is implicit in our prior opinion, we cannot say that by failing to provide a statement of reasons for this decision, the trial court failed to comply with the *express* terms of remand.

Defendant concedes that at the resentencing hearing following remand his trial attorney did not object to the absence of a statement of reasons in support of the decision to run the term on count four consecutive to the 15-year four-month determinate term, and again argues that the attorney's failure to do so amounts to ineffective assistance of counsel. The Attorney General contends defendant has forfeited this objection by failing to raise it in the initial appeal. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay."].) We need not rely on defendant's forfeiture, as there is clearly no merit to this contention.

The court stated numerous reasons for running count five consecutive to count four, including that defendant was driving while impaired, the victim in count four was not involved in the robbery, and most importantly that defendant was on parole for carjacking and had absconded from a halfway house at the time of the offense. Particularly these latter reasons amply support the court's decision to run the term on count four consecutive to the determinate term imposed on other counts. There is no reason to believe that the court would have reached a different conclusion had it been asked to repeat the reasons for making those sentences consecutive. (*People v. Coelho*

8

(2001) 89 Cal.App.4th 861, 889 ["Where sentencing error involves the failure to state reasons for making a particular sentencing choice, including the imposition of consecutive terms, reviewing courts have consistently declined to remand cases where doing so would be an idle act that exalts form over substance because it is not reasonably probable the court would impose a different sentence."]; see also *People v. Williams* (1996) 46 Cal.App.4th 1767, 1783 [Where the record reflects facts that justify the imposition of a consecutive sentence, "an order of remand for a clarified statement of reasons would be no more than an idle act."]; *People v. Sanchez* (1994) 23 Cal.App.4th 1680, 1686 ["Where, as in this case, it is improbable that a lower court's sentencing choice would have been different if it had been reminded to state a proper reason, the constitutional provision forbidding reversal for insubstantial errors should apply."].)

### 4. *Counts Five and Six*

As noted above, the court imposed a consecutive indeterminate 30 year term on count five and imposed a concurrent indeterminate 30 year term on count six. Defendant contends the trial court improperly relied on irrelevant and inappropriate factors in running the term on count five consecutive to the term on count four. Imposition of the consecutive term was amply justified by the unchallenged facts that defendant was on parole, had absconded from a halfway house and was intoxicated at the time of the offense.

### Disposition

The abstract of judgment is amended to stay the sentences imposed on counts two, eight and nine, and the judgment is affirmed in all other respects.

9

_____

Pollak, J.

We concur:

_____

McGuiness, P. J.

_____

Siggins, J.