Filed 8/6/21 Karamooz v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NIMA KARAMOOZ,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>SAEED KARAMOOZ,<br><br>    Real Party in Interest. | G060286<br><br>(Super. Ct. No. 30-2010-00380990)<br><br>O P I N I O N |

        Original proceeding; petition for writ of mandate to challenge a judgment of the Superior Court of Orange County, Jacki C. Brown, Judge.  Petition granted; peremptory writ issued.

        Lefton Law and Jennifer Lefton; Conti Law and Alexander L. Conti for Petitioner.

One, Peter R. Afrasiabi; Law Office of Kathryn M. Davis and Kathryn M. Davis for Real Party in Interest.

\*      \*      \*

THE COURT:\*

A year ago, this court reversed a judgment in part and remanded for further proceedings. The task remaining for respondent court was to "enter a new judgment reflecting a surcharge in the amount of the liability for penalties and interest based on delay in filing tax returns and paying taxes, in an amount to be determined by the trial court." (See *Karamooz v. Karamooz* (April 27, 2020, G056897) [nonpub. opn.].) Respondent court entered a corrected judgment with no surcharge, after concluding: (1) the existing evidentiary record did not establish the amount of liability for penalties and interest; and (2) it could not hold an evidentiary hearing to determine the liability. In support of the latter holding, respondent court cited other language in our prior opinion, to wit, "[t]his is not a remand for a new trial."

Petitioner Nima Karamooz filed a petition for writ of mandate, prohibition, or other appropriate relief. Among other remedies, petitioner asks this court to issue a peremptory writ in the first instance (Code Civ. Proc., §§ 1088, 1105) directing respondent court to vacate the corrected judgment and hold an evidentiary hearing to determine the amount of liability for tax penalties and interest.

We invited opposition and indicated a peremptory writ of mandate in the first instance was requested by petitioner. (See *Palma v. U.S. Industrial Fasteners, Inc.*

_____

\* Before Fybel, Acting P.J., Thompson, J., and Zelon, J.,\*\*
\*\*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.

(1984) 36 Cal.3d 171, 180 [minimum notice requirements for peremptory writ in the first instance include notice that such relief is being considered and opportunity to file opposition].) Real party filed opposition to the petition.

A peremptory writ in the first instance should issue only in cases of "'unusual urgency'" or "'clear error under well-settled principles of law and undisputed facts . . . .'" (*Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 919.)

We agree with petitioner's contentions and issue a peremptory writ in the first instance to clarify the meaning of the prior opinion. There are no disputed facts. Respondent court's error was clear. A peremptory writ in the first instance is appropriate to address a trial court's failure to properly implement appellate court directions. (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982-983.)

There is no need to reiterate the complex facts and procedural history of this dispute, which are fully set forth in our prior opinion. The disposition stated: "The judgment is reversed as to the $500,000 surcharge and the matter is remanded with directions for the court to enter a new judgment reflecting a surcharge in the amount of the liability for penalties and interest based on delay in filing tax returns and paying taxes, in an amount to be determined by the trial court. In all other respects the judgment is affirmed. This is not a remand for a new trial. [Petitioner] is entitled to costs on appeal."

On remand, respondent court ruled that petitioner's "request to have the court consider newly submitted information by their expert regarding tax liability amounts must be rejected. As emphasized by the appellate order, additional evidence at a new hearing was implicitly denied for purposes of establishing the surcharge amount." Then, under the constraints it found it was "implicitly" under, respondent court declined to surcharge real party in interest and explained: "This court is aware of the reviewing court's rejection of the calculation employed by the trial court in the original judgment.

3

But without further testimony from the tax or accounting professionals or the actual invoices from the tax authorities, this court is unable to delineate an exact amount for those penalties and interest. This does not excuse or absolve [real party] for his breaches of duty and the consequential damages they caused; but this record fails to provide the specific amounts for those wrongs."

Respondent court's analysis turns on the importance of a single sentence (twice expressed) in our prior opinion — "This is not a remand for a new trial." The terms "evidentiary hearing" and "trial" are *sometimes* used interchangeably (particularly in probate and family court). Thus, respondent court concluded holding an evidentiary hearing would exceed its jurisdiction. This conclusion was error, as we will explain.

"When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and must be followed. [Citations.] Where the directions to the trial court are ambiguous, they are interpreted in accordance with the views, reasoning, and holdings expressed in the opinion as a whole." (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1434-1435.) Our review of respondent court's implementation of the prior opinion is de novo. (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.)

The prior opinion as a whole demonstrates respondent court overstressed the "new trial" proscription. The prior opinion stated: "Although evidence of the amount of tax liability was not admitted due to a lack of foundation, [petitioner] proved there will be tax liability. That establishes causation." The prior opinion added: "As discussed above, there will be penalties and interest due as a result of the failure to timely file income and estate tax returns. [Real party] is properly surcharged for that amount, whatever it is determined to be." The prior opinion acknowledged there was no way to determine the penalties and interest due based on the record from the trial. We nevertheless remanded the case to respondent court with specific instructions to determine those "penalties and interest." Additional evidence would necessarily be

4

required to allow respondent court to fulfill its obligation to determine the amount of tax penalties and interest incurred as a result of real party's breach of duty.

Our instruction that no "new trial" occur must be viewed in this context. Considering the opinion as a whole, respondent court was obligated to conduct an evidentiary hearing narrowly limited to establishing tax penalties and interest due as a result of real party's failures. No broad "new trial" (as to liability or damages) was authorized. Almost all of the parties' disputes were conclusively decided by the prior opinion and, by prohibiting a "new trial," we simply wished to avoid any attempt to reopen settled matters in a case that has already taken far too long to resolve.

With the benefit of hindsight, of course, we regret not including an explicit authorization of an evidentiary hearing limited to the remaining issues. (See, e.g., *England v. Christensen* (1966) 243 Cal.App.2d 413, 435.) But we reject the notion that the lack of such explicit authorization meant respondent court did not have jurisdiction to conduct a limited evidentiary hearing to resolve the issues identified in our disposition. Indeed, it was obligated to do so by reason of our prior opinion.

Real party opposes this result, in part because he contends any error was harmless because any evidence offered by petitioner would not support an additional award. We decline to tread beyond the narrow question presented by this petition. Respondent court must consider the evidence in the first instance.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to: (1) vacate its March 22, 2021 corrected statement of decision and judgment; (2) hold an evidentiary hearing to determine the amount of the liability for penalties and interest based on delay in filing tax returns and paying taxes; and (3) enter a new statement of

5

decision and judgment awarding petitioner the amount of tax penalties and interest so determined to be owed (if any is proven).

Petitioner shall be awarded his costs incurred in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).) Should they deem it desirable, the parties may stipulate to immediate finality and issuance of the remittitur. (Cal. Rules of Court, rules 8.272(c)(1), 8.490(d).)