Filed 12/29/22  P. v. Guerra CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MANUEL GUERRA et al.,<br><br>    Defendants and Appellants. | H049093<br>(Santa Clara County<br>Super. Ct. No. F1346393) |

Codefendants Juan Manuel Guerra and Jose Paulino Cortes were convicted of murder, attempted murder, and participation in a criminal street gang, with gang and firearm enhancements.  After amendments to the Penal Code went into effect while the appeal was pending, this court upheld the convictions but remanded the case to allow defendants to request dismissal of the firearm enhancements in the interest of justice.  In this appeal, Cortes challenges the trial court's denial of his request to dismiss firearm enhancements, and Guerra challenges the denial of his request to strike a $10,000 restitution fine.  In light of recent amendments to Penal Code section 186.22, defendants ask us to reverse the gang participation convictions, gang enhancements, and Guerra's gang-related firearm enhancement.  Cortes also asks us to strike his remaining criminal justice administration fee balance.

As we will explain, we see no abuse of discretion in the denial of Cortes's request to strike his firearm enhancements.  And we will uphold Guerra's $10,000 restitution fine because the trial court's reconsideration of the fine exceeded this court's remand and is

accordingly a nullity. We accept the Attorney General's concessions that the amendments to Penal Code section 186.22 apply here and that under those provisions the evidence is insufficient to support the gang participation convictions and gang-related enhancements as to both defendants. Accordingly, we will vacate the gang participation convictions; strike the enhancements; and remand the matter for further proceedings, including retrial at the prosecution's election. We will also direct the trial court to vacate any portion of defendants' $129.75 criminal justice administration fees that remained unpaid as of July 1, 2021. (Gov. Code, § 6111, subd. (a).)

## I. BACKGROUND

Defendants were convicted of murder (Pen. Code, § 187; count 1; undesignated statutory references are to the Penal Code), attempted murder (§§ 664, subd. (a), 187; count 2), and participation in a criminal street gang (§ 186.22, subd. (a); count 3). The jury found true that counts 1 and 2 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); defendants were principals in the offenses during which at least one principal intentionally and personally discharged a firearm (§ 12022.53, subds. (d), (e)(1)); defendants committed the attempted murder deliberately and with premeditation (§§ 664, 187, 189); and Cortes (the shooter) personally inflicted great bodily injury during the course of the attempted murder (§ 12022.7, subd. (a)). The trial court found Cortes had suffered four prior strike adjudications as a juvenile. (§§ 667, subds. (b)-(i), 1170.12.) Cortes was sentenced to a term of 157 years to life, and Guerra was sentenced to a term of 82 years to life.

The trial court ordered joint and several restitutions in the amounts of $5,664.84 to the murder victim's mother and $5,000 to the Victim Witness and Government Claims Board for funeral and burial expenses. Each defendant was ordered to pay a $10,000 restitution fine and a $129.75 criminal justice administration fee to the City of Gilroy.

This court upheld the convictions in defendants' previous appeal but remanded the matter to allow the trial court to exercise its new discretion as to the firearm

2

enhancements. (Stats. 2017, ch. 682, § 2, amending § 12022.53, subd. (h).) In addition to moving to strike the firearm enhancements, on remand Cortes challenged his sentence on equal protection grounds (he was ineligible for youthful offender treatment as a three-strike offender) and Guerra sought resentencing under former section 1170.95 (renumbered as § 1172.6 by Stats 2022, ch. 58, § 10, eff. June 30, 2022). After a contested hearing, Guerra's counsel submitted a letter to the trial court asking that Guerra's $10,000 restitution fine be stricken based on inability to pay. The trial court denied all relief in a written order.

## II. DISCUSSION

### A. CORTES'S FIREARM ENHANCEMENTS

The jury found true that in committing counts 1 and 2 Cortes personally and intentionally discharged a firearm causing great bodily injury or death. (§ 12022.53, subd. (d).) Cortes argues that the trial court abused its discretion by denying his request to strike or reduce either or both enhancements in the interest of justice. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116 [whether to strike a sentencing enhancement reviewed for abuse of discretion].) Cortes contends the trial court in its written order "focused exclusively on the facts underlying the shootings and Mr. Cortes's efforts at rehabilitation," while ignoring Cortes's background, age, and sentence amounting to life without parole. In his view, the trial court's express citation to certain factors in its written decision "tends to show" it failed to consider Cortes's age and background. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586 [the court "must evaluate the nature of the offense and the offender in deciding whether to strike" an enhancement].)

Cortes's motion argued that his childhood and adolescence were marked by trauma (beginning at age one when his father was murdered) and gang-related violence. The motion was supported by a psychological assessment and statements made by Cortes's mother and step-father to a defense investigator. At the resentencing hearing, counsel stressed Cortes's age at the time of the offense (21 years old), childhood trauma,

3

and the gang culture which permeated his youth. Cortes's mother also addressed the court regarding his unstable childhood.

In its order denying defendants' requests to strike or reduce the firearm enhancements, the court stated that it had "considered the briefs submitted, the rehabilitation efforts made by the defendants, the testimony presented at the hearing, arguments of counsel, and the facts of the underlying shootings." The trial court's reference to the parties' papers, as well as to the testimony and arguments of counsel at the resentencing hearing, demonstrates that the trial court considered the argument and evidence presented by Cortes related to his age and background. No abuse of discretion occurred here.

### B. GUERRA'S RESTITUTION FINE

In a post-resentencing hearing letter, Guerra's counsel asked the trial court to strike the $10,000 restitution fine. Counsel asserted that Guerra was indigent, unable to secure a wage-earning job while in custody, and due to limited availability (especially during the COVID-19 pandemic) it is unlikely he would secure a paying job in custody. The trial court declined to strike the fine, finding that Guerra was "an able-bodied young man and has the ability to work for wages while in prison." Guerra argues there was no basis to make that finding because prison wages will be insufficient to pay the fine.

A reviewing court has authority to "affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Code Civ. Proc., § 43.) The disposition of the reviewing court, which is contained in its remittitur, defines the scope of the jurisdiction of the court to which the matter is returned. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) The reviewing court's disposition is thus " ' "decisive of the character of the judgment to which the appellant is entitled." ' " (*Ibid.*) " ' "The lower court cannot reopen the case on the facts, allow the filing of

4

amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void." ' " (*Ibid.*)

Here, the trial court lacked jurisdiction to entertain Guerra's request to strike his restitution fine, given the narrow scope of this court's disposition resolving Guerra's direct appeal. The 2018 disposition reversed the judgments and instructed: "On remand, the trial court is directed to consider whether to exercise its discretion to strike the section 12022.53 enhancements under section 1385. If the trial court decides to strike the enhancements, it shall resentence defendants. If the trial court decides not to strike the enhancements, it shall reinstate the judgments." Having declined to strike the enhancements, the trial court was left with one charge, and that was to reinstate the judgments, which include the restitution fines. Acting on Guerra's request—even to deny it—was unauthorized and is therefore void. (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 ["Any material variance" from directions requiring specific proceedings on remand "is unauthorized and void"].)

## C. REMAND UNDER AMENDED SECTION 186.22

In supplemental briefing, defendants argue that the convictions for participating in a criminal street gang (§ 186.22, subd. (a); count 3), the gang enhancements attached to counts 1 and 2 (§ 186.22, subd. (b)(1)(C)), and Guerra's gang-related firearm enhancements attached to counts 1 and 2 (§ 12022.53, subd. (e)(1)) should be stricken in light of amendments to section 186.22 which went into effect on January 1, 2022 and the matter remanded for retrial on count 3 and the enhancements at the election of the prosecution.

Amended section 186.22 modifies the definitions of " 'pattern of criminal gang activity' " and " 'criminal street gang' " (§ 186.22, subds. (e), (f)), and clarifies what it means to "benefit, promote, further, or assist" a criminal street gang. (§ 186.22, subd. (g).) The statute now prescribes the permissible timing of predicate offenses used to show a pattern of criminal gang activity relative to one another and to the currently

5

charged offense; the predicate offenses must have commonly benefited a criminal street gang; the common benefit must have been more than reputational; and the currently charged offense may not be used to establish a pattern of gang activity. (§ 186.22, subds. (e), (g).)

The Attorney General concedes the substantive amendments to section 186.22 apply retroactively to defendants. (*In re Estrada* (1965) 63 Cal.2d 740, 745 [legislative action altering or reducing criminal punishment applies to non-final judgments].) The Attorney General also concedes the trial evidence does not establish beyond a reasonable doubt both the substantive gang participation offenses and the gang enhancements attached to counts 1 and 2 according to those amendments. Specifically, the predicate offenses shown at trial did not occur within three years of the charged offenses, and the prosecution did not establish that predicate and charged offenses provided a common benefit to members of the gang that was more than reputational. We accept those concessions and will remand the matter for retrial on count 3 and the enhancements at the election of the prosecution. (*People v. Lopez* (2021) 73 Cal.App.5th 327, 346.)

As requested by Cortes, in light of amendments to the Government Code effective July 1, 2021, we will direct the trial court on remand to vacate any portion of defendants' $129.75 criminal justice administration fees that remained unpaid as of July 1, 2021. (Gov. Code, § 6111, subd. (a) [the "unpaid balance of any court-imposed costs pursuant to . . . [Government Code] Sections 29550.1, 29550.2, and 29550.3 . . . is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated"]; *People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627.)

### III. DISPOSITION

The convictions for participating in a criminal street gang (count 3) are reversed; the gang enhancements and Guerra's gang-related firearm enhancements attached to counts 1 and 2 are stricken; and the matter is remanded. The prosecution may elect to

6

retry count 3 and the enhancements in accordance with Penal Code section 1382, subdivision (a)(2) (timeframe for retrial).

On remand, the trial court shall vacate any portion of defendants' $129.75 criminal justice administration fees that remained unpaid as of July 1, 2021. The trial court shall enter new judgments upon retrial (or upon dismissal of count 3 and the enhancements if retrial is not pursued) and shall prepare new abstracts of judgment and transmit them to the Department of Corrections and Rehabilitation.

_____

Grover, J.

WE CONCUR:


_____

Greenwood, P.J.


_____

Lie, J.


**H049093**
*People v. Guerra et al.*