Filed 3/28/23 P. v. Delahanty CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079798 |
| v. | (Super. Ct. No. SWF1807090) |
| BRIAN THOMAS DELAHANTY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Jorge C. Hernandez, Judge. Vacated and remanded with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynne G. McGinnis and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Brian Thomas Delahanty appeals following a remand for resentencing. On appeal, he contends the trial court failed to exercise its discretion and determine whether to strike or dismiss his prior serious felony enhancement, taking into account the direction provided by Senate Bill No. 81, as directed by this court when we remanded the matter the first time. The People agree that contrary to this court's direction in the remittitur, the record reflects a failure of the trial court to take into account amended Penal Code[1] section 1385 when it denied to strike the prior serious felony. We also agree. Accordingly, we remand the matter for another resentencing hearing to allow the trial court to exercise its informed discretion to strike or dismiss defendant's prior serious felony, taking into account the directions provided by Senate Bill No. 81 and section 1385, subdivision (c).[2]

## II.

## PROCEDURAL BACKGROUND[3]

In 2019, a jury found defendant guilty of first degree burglary (§§ 459/460), and

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] In light of the People's concession and disposition, we need not address defendant's contentions relating to ineffective assistance of counsel.

[3] Because the factual background is not relevant to the issues raised on appeal, we will not recount those facts. Those details are found in our nonpublished opinion in defendant's prior appeal, case No. E076839, which is part of the record on appeal in this

*[footnote continued on next page]*

also found true the allegation that a person other than an accomplice was present in the residence at the time of the burglary (§ 667.5, subd. (c)(21)). In a bifurcated proceeding, defendant admitted that he had sustained a prior serious felony (§ 667, subd. (a)) and a prior strike (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) based on his 1998 conviction for carjacking. The trial court sentenced defendant to an aggregate term of 13 years in state prison as follows: the midterm of four years for the burglary, doubled to eight years due to the prior strike, and a consecutive five-year term for the prior serious felony. (*Delahanty I*, *supra*, E076839.)

Defendant subsequently appealed. He argued the matter must be remanded for resentencing to allow the trial court to exercise its discretion to strike the five-year prior serious felony conviction because the court was unaware that it had discretion to strike the enhancement, his counsel was ineffective in failing to ask the court to exercise its discretion to strike the prior serious felony, and the matter should be remanded under Senate Bill No. 81, which provides sentencing courts with guidance when considering whether to strike an enhancement. (*Delahanty I*, *supra*, E076839.) We affirmed the judgment but remanded the matter for resentencing "to allow the trial court to exercise its discretion and determine whether to strike or dismiss the section 667, subdivision (a)(1) serious felony enhancement, taking into account the direction provided by Senate Bill No. 81." (*Delahanty I*, *supra*, E076839.)

_____

case as Exhibit A of defendant's request for judicial notice. (*People v. Delahanty* (Mar. 4, 2022, E076839) [nonpub. opn.] (*Delahanty I*).)

3

Following remand, defense counsel filed a motion to strike the section 667, subdivision (a) prior serious felony conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). Counsel argued defendant's prior serious felony conviction should be stricken in the interests of justice and identified the circumstances to be considered as "(1) the nature and circumstances of his present felonies and prior serious and/or violent felony convictions (including if defendant's criminal history involves any actual violence); (2) the particulars of defendant's background, character and prospects (including if defendant's crimes were related to a drug addiction and defendant's criminal history involves any actual violence) and; (3) the remoteness in time of defendant's strike and the lengthy sentence that may be imposed as compared to the nature of the present offense." Specifically, defense counsel argued that defendant's role in the burglary was as "a tertiary participant," his prior was over 20 years old, and eight years was sufficient punishment. The People filed an opposition to defendant's motion to strike, similarly citing to the *Romero* factors to argue against striking defendant's prior serious felony.

The resentencing hearing on the remittitur was held on September 9, 2022, before another trial judge (the resentencing court). At the outset of the hearing, the resentencing court clarified that the issue it had to determine was whether to exercise its discretion to impose the five-year prior serious felony conviction, not to decide whether to dismiss the strike under *Romero*. The court acknowledged our opinion from defendant's first appeal, noting the original sentencing judge was unaware of its new found discretion under

4

section 1385 concerning the five-year prior in light of recent changes to the law. The resentencing court then invited argument regarding why the court should strike the five-year prior serious felony conviction.

Defense counsel reiterated the remoteness of the prior and the general applicability of the *Romero* factors to justify striking it. The court interrupted defense counsel during his argument to state, "Let's be clear about something. I am not here to discuss striking the strike. That ship sailed." After defense counsel responded, "Yes, your Honor," the court added: "We're only here should I impose five years consec. That is the only issue. I know that your P's and A's addressed striking the strike. The responsive P's and A's discussed striking the strike. We are not here to strike the strike. We are only here to discuss should the Court impose the five years or not. [¶] The Court did not indicate that it had that power -- or that acknowledgment that it had that power to strike the five-year prior, but we're not having a discussion of striking the strike. This is only should the sentence remain as it is or should I exercise my power under 1385 and not impose the five-year prior. That's all we're talking about. So you keep talking about a strike prior. We're not discussing a *Romero* motion. We're only discussing the five years, a 667(A) five-year enhancement. That's all we're talking about. [¶] And I know both sides were dealing with strike priors. We're not talking about strikes. We're talking about 1385 power to strike the punishment on a 667(A). That's what you should limit your discussion to."

Defense counsel thereafter stated, "Yes, your Honor. I am doing my best to limit it." Counsel then asserted that under the circumstances, "the five-year imposition would not have been imposed -- would not have been imposed if the new law was taken into account, especially under considerations of, you know, just limited to the new analysis which includes the motion, you know, prior strikes. [¶] However, because of the five years being imposed after a strike is imposed, in my experience, but because it is limited to the five years, your Honor, we are asking -- the punishment as in itself through the furtherance of justice, the Court should not impose the extra five years. Similar argument to the strike-the-strike, but, you know, it's limited to the five years.

The prosecutor likewise argued the analysis under *Romero* but that the factors did not support striking the prior. The resentencing court then added that part of the strike analysis also is whether the punishment is sufficient. The court noted that its "of the opinion if a strike was used to double the punishment, then even though there's no restriction against dual use, it seems to me that using that same strike to add an additional five years is kind of beating a dead dog, or beating a sleeping dog, or whatever that phraseology is. [¶] But other judges take the opinion that if I don't strike the strike, then whatever reasons I use not to strike the strike equally apply to the 667(A), and I'm going to give the 667(A)."

Regarding this particular case, the resentencing court noted the difficulty of not being the trial judge. However, based on this court's opinion, the resentencing court understood that defendant was "a main participant," "heavily involved," and his "thoughts are, in for a penny, in for a pound." Focusing on whether the additional five years constituted "excessive punishment" and finding it did not, the court declined to strike the five-year prior, noting defendant "doesn't deserve a break." The court explained: "So being a main participant, should he then be punished fully for his actions? Or should he get some kind of a break because of his actions? And my thoughts are that he doesn't deserve a break. He doesn't deserve to get the five-year prior stricken. [¶] The amount of time that he got — you know, the midterm doubled, plus the five — is not an excessive punishment. It's not a punishment that is outside the purview of what an individual who does that kind of thing should get in this matter. [¶] I've seen a lot of cases where when you add up what's mandatory, and you look at that final number, you shake your head and say, now, that's a little bit too much for what this individual did. . . . [¶] So as I look at all the factors that *Romero* would look at in order to determine that, one of the main things is the punishment here excessive for what the individual did. And I don't find that the punishment was excessive."

The resentencing court concluded by stating: "And nobody ever really talks about the trauma that people who are home when their home is being burglarized go into as an effect of that, that wasn't addressed by anybody. But that's also a factor that I could take into account in determining under *Romero* and 1385 and all of its progeny as to whether

7

this individual is deserving because that's really the bottom-line. . . . [¶] I don't think the punishment was excessive. I don't think he was a collateral participant. I think he was a major participant. And I think things could have gone ugly and could have gone bad whenever you do a burglary and people are home. [¶] So because of that, I will find that defendant is not entitled to the exercise of the Court's discretion under 1385 to strike the five-year prior. So the sentence as imposed remains." Defendant timely appealed.

## III.

## DISCUSSION

Defendant contends that he is entitled to a remand for another resentencing hearing because his first resentencing hearing did not comply with this court's remittitur, which directed the lower court to determine whether to strike defendant's prior serious felony conviction "taking into account the direction provided by Senate Bill No. 81." The People concede that the resentencing court erred and that defendant is entitled to a remand for another resentencing hearing. We agree with the parties that under the circumstances of this case, the matter must again be remanded for another resentencing hearing to allow the superior court to determine whether to strike defendant's prior serious felony conviction, taking into account the directions provided by Senate Bill No. 81 and section 1385, subdivision (c).

Section 1260 provides that in a criminal appeal: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." (§ 1260.)

After the remittitur "the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted." (§ 1265.) Thus, the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court.

"'Where a reviewing court reverses a judgment with directions to enter judgment for the plaintiff, the trial court is bound by the directions given. Its authority is limited wholly and solely to following the directions of the reviewing court. [Citation.] Any judgment rendered contrary to such specific directions would be void. [Citation.] When there has been a decision on appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.'" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 (*Dutra*), quoting *Stafford v. Municipal Court* (1960) 180

9

Cal.App.2d 368, 370-371; accord, *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.)

"'Where a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.' [Citations.]" (*Dutra*, *supra*, 145 Cal.App.4th at p. 1367.) "A trial court may not disobey a remittitur, as that would amount to overruling the appellate court's decision, thereby violating a basic legal principle: 'Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court.'" (*Id.* at p. 1362, citing *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) In other words, the appellate court's "directions are 'binding on the trial court and *must* be followed. Any material variance . . . is unauthorized and void.'" (*Dutra*, *supra*, at p. 1367, quoting *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982.)

An appellate court's decision is found in the disposition section of its opinion, and it is the disposition which constitutes the judgment on appeal. (*People v. Awad* (2015) 238 Cal.App.4th 215, 223.) "The appellate court need not expressly comment on every matter intended to be covered by the disposition. The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole. [Citation.] . . . [Citation.] [¶] Whether the trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review. In interpreting the

10

language of a judicial opinion, the appellate court looks to the wording of the dispositional language, construing these directions 'in conjunction with the opinion as a whole.' [Citations.]" (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 313.)

Here, our directions in *Delahanty I* were specific. First, we affirmed the judgment of conviction. Second, we remanded the matter "to allow the trial court to exercise its discretion and determine whether to strike or dismiss the section 667, subdivision (a)(1) serious felony enhancement, taking into account the direction provided by Senate Bill No. 81." (*Delahanty I*, *supra*, E076839.) We also noted in the last paragraph of the discussion section that "because the trial court must resentence defendant so that it can exercise its informed discretion whether to strike the prior serious felony enhancement under section 667, subdivision (a)(1), which will occur after the effective date of Senate Bill No. 81, we leave the effect on defendant's sentence from the changes to section 1385, or any other relevant change the parties may elect to raise, for the trial court and the parties to consider in the first instance." Although the resentencing court and defense counsel referenced by name "SB 81," the record indicates that the court did not take into account the substance of Senate Bill No. 81, which amended section 1385, as ordered in the disposition. In addition, neither the resentencing court nor defense counsel addressed any of the mitigating factors as set forth in section 1385, subdivision (c).

11

As we explained in *Delahanty I*, prior to enactment of Senate Bill No. 81, section 1385 provided a trial court may dismiss sentencing enhancements in the interest of justice. Senate Bill No. 81, which became effective on January 1, 2022, amended section 1385 by adding new subdivision (c). This new subdivision provides in relevant part "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (Sen. Bill No. 81 (2021-2022 Reg. Sess.) ch. 721, § 1, pp. 1-3.) New section 1385, subdivision (c)(7) also provides, "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision."

Like the first sentencing hearing, here the resentencing court was presented with briefs and arguments relying on prior and/or inaccurate considerations, not on amended section 1385 or Senate Bill No. 81. Under the former section 1385 effective through the end of 2021, trial courts were permitted to strike or dismiss an enhancement in the furtherance of justice but were not required to consider any specific factors. As pointed

12

out by the court, both the defense and the prosecution analyzed the issue of striking the section 667, subdivision (a) prior serious felony under *Romero*. When defense counsel cited section 1385, it was to the version in 2019, which did not create any presumptions concerning applicable mitigating circumstances. Although the resentencing court correctly indicated that it was to apply its discretion to strike the section 667, subdivision (a) prior under section 1385, it failed to analyze any of the considerations set forth in subdivision (c) of section 1385, as ordered by this court. Rather, the court examined "interests of justice" in terms of defendant's conduct in committing the offense and whether punishment was excessive.

Section 1385, subdivision (c) lists nine specific factors, which, if found by the court, will strongly support the exercise of the court's discretion. These factors include: "(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of [s]ection 745. [¶] (B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed. [¶] (D) The current offense is connected to mental illness. [¶] (E) The current offense is connected to prior victimization or childhood trauma. [¶] (F) The current offense is not a violent felony as defined in subdivision (c) of [s]ection 667.5. [¶] (G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the

enhancement or enhancements applied in the current case. [¶] (H) The enhancement is based on a prior conviction that is over five years old. [¶] (I) Though a firearm was used in the current offense, it was inoperable or unloaded." (§ 1385, subd. (c)(2)(A)-(I).) "The circumstances listed in paragraph (2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a)." (§ 1385, subd.(c)(4).)

Unlike under *Romero*, section 1385, subdivision (c) places great weight in favor of dismissing the prior where a mitigating circumstance has been shown "unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) It appears in this case the resentencing court failed to apply the current version of section 1385 based on its reasoning in declining to dismiss the section 667, subdivision (a) prior serious felony, the motions filed by the parties, and the arguments of defense counsel and the prosecutor.

Our directions on remand were stated in the disposition. As the resentencing court did not follow the directions given, its order after remand is void. (*Dutra*, *supra*, 145 Cal.App.4th at p. 1367.) We shall therefore again remand the matter for another resentencing hearing to allow the trial court to exercise its informed discretion to strike or dismiss defendant's prior serious felony enhancement, taking into account the directions provided by Senate Bill No. 81 and section 1385, subdivision (c).

14

IV.

DISPOSITION

The sentence is vacated and the cause is again remanded to allow the trial court to exercise its discretion and determine whether to strike or dismiss the section 667, subdivision (a)(1) serious felony enhancement, taking into account the directions provided by Senate Bill No. 81 and section 1385, subdivision (c).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


CODRINGTON
J.

We concur:


RAMIREZ
P. J.


RAPHAEL
J.